# Chicago & Northwestern Railroad Co.

## *v.*

## Dennis Ward.

1. RAILROAD — *employee—negligence of company—liability for injury.* Where a railroad company are in the habit of constantly taking damaged cars from one station to another for repair, and a person is employed to couple and switch such cars, and while so engaged he is injured in attempting to couple a car to the train, by reason of the broken condition of

the car : *Held*, that the presumption is that he undertook the employment subject to all of the risks incident to the place, and that this was one of the risks he expected to incur when he accepted the employment.

2. SAME—*duty of company.* It is the duty of a railroad company to furnish a safe road and safe machinery, and on failing to do so it becomes liable for injury to an employee therefrom if he is ignorant of the defects, and therefore not contracting with reference to them. But that rule does not apply where the employment is for the purpose of assisting in hauling machinery that is defective, and the employee is injured when a defective car is on the way to the proper shops for repairs, and the existence of the defect implied no negligence on the part of the road.

3. SAME—*negligence.* If it had appeared clearly that it was the custom of the company to mark all damaged cars before sending them to the shop to be repaired, and that the marks used indicated that they were damaged, and also the time, manner and person who made the mark, and this duty had been neglected, and the employee had been thereby thrown off his guard in coupling the car, then a different question might have been presented.

4. INSTRUCTION—*negligence.* An instruction which informs the jury that the company is liable if the employee was injured whilst in the careful discharge of his duty, by a car being out of repair through the failure of the company to see that it was in repair, is wrong, as the car was being removed to the proper place expressly to be repaired, and the employee was in the discharge of the duty he engaged to perform in coupling it for the purpose.

APPEAL from the Circuit Court of Cook county ; the Hon. HENRY BOOTH, Judge, presiding.

Mr. B. C. COOK, for the appellant.

Mr. EMERY A. STORRS, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court :

This suit was brought by the administrator of James Ward, and resulted in a verdict and judgment in his favor. The record shows the following facts :

The deceased was in the employ of the railway company in the capacity of car-coupler and switchman, and came to his

132            C. & N. W. R. R. Co. *v.* WARD.          [Sept. T.,

Opinion of the Court.

death from an injury received while coupling cars at the South Branch station. The testimony shows the brake was out of order, and as the cars came together which the deceased was about to couple, the brake, which was too near the ground, probably caught his foot and threw him upon the track. The train passed over him, and his death soon followed.

It appears, by the evidence, that the company was in the constant practice of taking damaged cars from South Branch junction to South Branch station for repairs. Deceased was employed upon a train running twice each day between these two points, and his employment required him to assist in the management of damaged cars. The risk incidental to the occupation was voluntarily assumed, and the company can not be made liable merely upon the ground that the car was not in a proper condition for the ordinary uses of the road.

We held, in the case of *The Chicago & Northwestern Railroad Co.* v. *Swett*, 45 Ill. 198, that a railway corporation must furnish a safe road and safe machinery, and if it fails to do so, and injury results therefrom to an employee ignorant of the defects, and therefore not contracting in reference to them, he may have his action as well as a passenger. But that principle does not apply to the present case. There is no evidence tending to show that this car was not properly constructed in the first instance. It does not appear how the machinery connected with the brake became deranged, but only that the car had been brought in from the western portion of the road and was on its way to the proper locality for repairs. To use a car with damaged machinery upon a passenger train would, of course, be extreme carelessness; but this was an empty freight car, and was not then in use for the business of the road. The company was doing with this car the most proper thing they could do, namely : sending it to the usual place for repairs. The peril incident to the coupling of damaged cars was a peril to which the deceased knew he was frequently exposed by the very nature of his employment, and one which

had necessarily to be incurred. Its existence implied no negligence whatever upon the part of the company.

There is but one point in this record which can furnish even ground for argument in behalf of the plaintiff's right to recover, as it is the only matter in regard to which there is reason for imputing negligence to any person. There is some evidence that it was the custom of the company to mark with chalk the cars needing repairs, and it appears this was not so marked. Perhaps counsel would contend that the deceased was misled by the absence of this mark and therefore undertook to couple the damaged car to the train without using the degree of caution he would have used if aware of the condition of the car. But this line of inquiry was not followed to any extent, and the case was evidently not submitted to the jury upon this question. There is no testimony as to where, when, or by whom the car should have been marked, or what was the character of the mark usually employed. As the record now stands, admitting there was negligence in not marking the car, the inference is that it was the negligence of a fellow servant, and nothing appears to exempt the case from the ordinary rule excusing the common master from liability for injuries thus produced.

That the case was not tried upon the theory that the company was chargeable with negligence in not marking the car, is also evident, from the fact that the instructions make no allusion to this matter. The only one given for the plaintiff, stating what the jury might consider a ground of recovery, asserts, in substance, that the defendant would be liable if the deceased, while in the careful discharge of his duty, was injured in consequence of a car being out of repair through the failure of the company "to exercise reasonable and ordinary care in watching and tending such car." There was no evidence, whatever, showing how the car came to be out of repair, and for this reason alone the instruction would be objectionable. A still more forcible objection, however, is, that the instruction authorized the jury to find their verdict

upon a ground which, of itself, is not, for the reasons already given, sufficient to sustain this verdict, when we take into consideration all the facts of the present case.

*Judgment reversed.*