HENRY E. PINGREE *vs.* FREDERICK R. LEYLAND.

Suffolk.    March 15. — Sept. 7, 1883.    DEVENS & W. ALLEN, JJ., absent.

An action against the owner of a vessel for personal injuries received by the plaintiff, while in the employ of a stevedore, in using a defective winch for the purpose of discharging cargo from the vessel, cannot be maintained, in the absence of evidence of any contract between the defendant and the stevedore, or that the stevedore was acting as the defendant's servant, or that the defendant undertook to furnish a suitable winch to be used in unloading the vessel.

In an action against the owner of a vessel for personal injuries received by the plaintiff, in using a defective winch for the purpose of discharging cargo from the vessel, the plaintiff's evidence showed that he was a machinist by trade; that he was well acquainted with such winches and in the habit of using them; that he had used this particular winch before; that he saw, before beginning to use it on the occasion in question, that it was a jack-winch, and knew that jack-winches were "old rattle-traps," and that this winch was an "old rattle-trap;" that he saw the guard was gone from the gearing, and thought he would look to see what else was not right about it; and that he used more than usual care in running the winch, seeing that the guard was gone, in order to avoid the danger of getting his person or his clothes caught in the unprotected gearing. *Held*, that the plaintiff had such knowledge of the condition of the winch that he must be held to have assumed the risk of using it in that condition; and that the action could not be maintained.

TORT for personal injuries received by the plaintiff, on May 6, 1878, in using a winch on board the steamship Illyrian, of which the defendant was the owner, for the purpose of discharging cargo from the steamship. At the trial in the Superior Court, before *Aldrich*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*W. G. Russell & L. S. Dabney*, for the defendant.

*W. Gaston*, (*A. Cottrell* with him,) for the plaintiff.

C. ALLEN, J. The questions to be determined in this case are not whether the instructions to the jury were correct statements of general rules of law in regard to the liability of a master to his servant, or in regard to the circumstances under which a servant who is injured will be debarred from a recovery of damages by reason of his previous knowledge of the risk he was running; but whether, upon the evidence as it stood, the defendant was entitled to have the case withdrawn from the jury altogether, by a ruling that the plaintiff could not maintain the action upon either of the two grounds stated; namely, that there was no evidence of any relation between the plaintiff and the defendant which could render the defendant liable to the plaintiff for the condition of the winch, whatever it might be; and that the plaintiff knew or ought to have known what the condition of the winch was, and therefore must be held to have assumed the risk of using it in that condition. We are of opinion that the defendant was entitled to the ruling which he asked for, upon both grounds.

1. It was necessary for the plaintiff to introduce evidence sufficient to warrant the jury in finding that he was the defendant's servant, and this he undertook to do by showing that he was employed by the stevedore, Turner, and by seeking to raise an inference that Turner was employed by the defendant as his servant, and that the defendant undertook to furnish to Turner winches for the discharge of the cargo. But there was nothing to show that Turner was acting otherwise, in discharging the cargo, than in the ordinary relation of a stevedore to the owner, which is not that of a servant, but of an independent contractor, not under the immediate supervision and control of an employer. *Linton* v. *Smith*, 8 Gray, 147. There was nothing to show the terms of any contract between the defendant and Turner, and the judge properly remarked to the jury, that it was not for them or for him to guess what it was. There was no presumption that Turner was acting as a servant of the defendant, or that the defendant undertook to furnish a suitable winch to be used in unloading the ship; and there was no evidence which would warrant the jury in assuming or inferring either of those

facts.   These were matters for the plaintiff to prove by evidence.   There was no evidence which went further than to allow an inference that the defendant permitted the stevedore and his men to use the winch, in such condition as it might be in at the time of the arrival of the ship in port; but with no express or implied contract on his part that it should be in a safe or suitable condition for use.   A mere permission to use the winch, under the circumstances, would impose no obligation or liability on the defendant in .consequence of its defective condition.   There being no evidence to raise a presumption against the defendant on this point, there was no occasion for him to introduce evidence in relation to the matter; and his omission to do so would not supply the lack of evidence against him.

2.   Moreover, it sufficiently appeared that the plaintiff had such knowledge of the character and condition of the winch, and the danger of using it, as to prevent a recovery of damages against the defendant.   By his own testimony, he was a machinist by trade; he was well acquainted with such winches, and in the habit of using them; he had used this particular winch before; he saw, before beginning to use it on the occasion in question, that it was a jack-winch, and knew that jack-winches, to use his own expression, were " old rattle-traps," and that this winch was " an old rattle-trap;" he saw that the guard was gone from over the gearing, and thought he would look to see what else was not right about it; he used more than usual care in running the winch, seeing that the guard was gone, in order to avoid the danger of getting his clothes or his person caught in the unprotected gearing; the defect which caused the danger was obvious, and directly before his eyes; and nevertheless, after using the winch for several hours, he in a moment of inadvertence received an injury from the very source of danger to which he had already seen that he was exposed, and against which he endeavored to guard by the use of more than usual care.   Elaboration of statement or discussion could hardly add to the significance of these simple facts.   The rule is well settled, and is illustrated by numerous cases cited for the defendant;*

---

* The defendant cited, on this point, *Huddleston* v. *Lowell Machine Shop*, 106 Mass. 282, 286; *Sullivan* v. *India Manuf. Co.* 113 Mass. 396 ; *Ladd* v. *New Bedford Railroad*, 119 Mass. 412 ; *Lovejoy* v. *Boston & Lowell*

and it has been declared by this court, that where one who is fully capable of choosing and contracting for himself, with full notice of the risk which he assumes, voluntarily uses a machine which, by reason of a known defect, exposes him to a particular and obvious danger, he must be held to assume and take the risk of injury from that source. See *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572, 583, 586, in addition to the cases cited for the defendant. The present case is one for the application of this rule.                                    *Exceptions sustained.*

---

*Railroad,* 125 Mass. 79 ; *De Forest* v. *Jewett,* 88 N. Y. 264 ; *Dillon* v. *Union Pacific Railroad,* 3 Dillon, 319 ; *Dynen* v. *Leach,* 26 L. J. (N. S.) Ex. 221; *Assop* v. *Yates,* 2 H. & N. 768 ; *Griffiths* v. *Gidlow,* 3 H. & N. 648 ; *Skipp* v. *Eastern Counties Railway,* 9 Exch. 223 ; *Seymour* v. *Maddox,* 16 Q. B. 326 ; *Woodley* v. *Metropolitan District Railway,* 2 Ex. D. 384.