RICHARD H. YEATON *vs.* BOSTON AND LOWELL RAILROAD
CORPORATION.

Suffolk.    March 14. — Sept. 8, 1883.    DEVENS & W. ALLEN, JJ., absent.

A., a person forty-five years of age, entered the employ of a railroad corporation
as a brakeman, having previously had some experience in that kind of work.
He was placed at work in a yard of the corporation upon a switching engine,
which was used to change cars about the yard and to make up trains.  He, with
others, was in the habit of taking cars which had been damaged and putting
them upon a certain track in the yard two or three times a week.  After work-
ing a few weeks, he was injured by reason of a broken brake on a car.  When-
ever there had been damaged cars to be moved, during his employ, his attention
had been called to the fact by the yard-master, who usually told the men that
the cars had been damaged, and that he wanted them put on a track indicated.
They could usually tell a damaged car by its appearance.  A. was sometimes
accustomed to examine to see if cars were damaged; and he looked at the car
in question, with others, on the day of the accident, but saw nothing out of order
about it.  *Held*, in an action by A. against the corporation, that the injury was
caused by one of the risks assumed by him in his employment; and that the
action could not be maintained.

TORT for personal injuries received by the plaintiff while in
the defendant's employ as a brakeman.  At the trial in the
Superior Court, before *Blodgett*, J., the jury returned a verdict
for the plaintiff, in the sum of $11,000; and the defendant
alleged exceptions.  The facts appear in the opinion.

*D. S. Richardson, & J. H. George* (of New Hampshire), for
the defendant.

*W. Gaston & C. L. B. Whitney*, for the plaintiff.

C. ALLEN, J.  The general rule of law, that a servant takes
upon himself the risk of the dangers which ordinarily attend or
are incident to the business in which he voluntarily engages, is
well settled and undisputed.  *Coombs* v. *New Bedford Cordage
Co.* 102 Mass. 572, 583.  *Huddleston* v. *Lowell Machine Shop*,
106 Mass. 282.  *Sullivan* v. *India Manuf. Co.* 113 Mass. 396.
*Ladd* v. *New Bedford Railroad*, 119 Mass. 412.  *Hough* v. *Rail-
way Co.* 100 U. S. 213.  *Swainson* v. *North Eastern Railway*,
3 Ex. D. 341, 351.  *Charles* v. *Taylor*, 3 C. P. D. 492.  *Lovell* v.
*Howell*, 1 C. P. D. 161.  The plaintiff, while recognizing the
general rule, contends that it is not applicable to this case,
mainly on two grounds; namely, that there was no evidence that
he knew or understood that it was any part of his duty to assist

in moving damaged cars; and, secondly, that, if he was so to assist, it was only in the manner which his experience or instructions led him to believe was the usual manner, namely, by not being ordered to get upon damaged cars, and certainly not unless previously notified that they were damaged. This argument is much elaborated by the plaintiff's counsel, but we have come to the conclusion that the plaintiff's case does not fall within any qualification of the general rule.

According to the plaintiff's own testimony, he was employed, early in October, 1880, as a brakeman in the defendant's yard, and was put to work in the yard at East Cambridge, on the switching engine, which was an engine used to change cars about the yard, to make up trains, and to shift out the cars. The accident happened on October 27, from a broken brake on an unloaded dump car. The plaintiff applied for employment to one Crockett, the master mechanic then having charge of the repairs at East Cambridge; and afterwards, by his direction, to one Ash, who had general charge of the freight yard and freight department, and who employed the switching men and the brakemen. The plaintiff had had some experience in railroading, and knew how to "brake," and how to make up trains. The plaintiff and others employed with him were in the habit of taking damaged cars and putting them upon a certain track in the yard called the hospital track; two or three times a week they would have cars to place on the hospital track. Whenever there had been damaged cars, during his employment, his attention had been called to it; generally by the yard-master, who usually told the men that those cars had been damaged, and that he wanted them put on such and such a track, wherever he wanted them moved. They could tell a damaged car by the looks of it usually. The plaintiff was sometimes accustomed to examine to see whether cars were damaged, and probably (as he testified) looked at these cars to see whether they were out of order, but saw nothing out of order about them. He added, that he did look at or examine them; that he was in the habit of looking to see if they were safe to handle, as he presumed; and that naturally, if a man sees a car is broken, he will shun it.

The plaintiff was forty-five years old, and, with his admitted experience, was thus of sufficient age and intelligence to

understand the nature of the risk to which he was exposed by his employment. He knew that broken cars were to be moved and handled in the yard, and he voluntarily undertook and continued in a service which he knew included the moving and handling of them. He was aware of the danger which attends handling broken cars, and sought to guard against it by looking to see if the cars which he was to assist in moving were out of order. Notice was expected to be received in such cases, but he was also in the habit of looking for himself. It was incident to a service of this description that broken cars might sometimes be put in the wrong place in the yard, and that insufficient notice of defects in them, and of their being put in the wrong place, might be given. These are omissions of notice in respect to matters of detail, which cannot be given in advance, and which are not like an omission to give instructions to an inexperienced hand as to the general dangers to which his service will expose him.

The duty of giving notice which rests upon a master in such case was recognized and upheld in the case of *Wheeler* v. *Wason Manuf. Co. ante*, 294. The distinction between the two cases is plain. The one is a notice of the nature of the risk and peril to be incurred in the course of the employment; the other is a notice of the special danger which springs out of a particular fact, which, in its details, cannot be anticipated. The danger arising from the attempt to move a particular car which may happen to come into the yard for repairs, like the danger which would arise from an attempt to split upon a circular saw a particular warped board, is one which, in the nature of the case, it is impossible for a master to point out on every occasion when the workman may be called upon in the course of his employment to use such material. If there was a neglect in such case to give such information to the plaintiff as ought to be given by one upon whom the duty has been devolved by the master, such neglect is to be treated as that of a fellow servant, and the risk of it must fall within the ordinary rule ; because it was an incident to the service which the plaintiff undertook, that broken cars might be put in the wrong place in the yard, and that insufficient notice of the defects in them might be given.

This is not like a case where dangerous or defective machinery is supplied by a master for a servant to use in his work, and

where notice of such danger or defect ought to be given. But it is a case where the material to be handled and to be worked upon is understood to involve risk and the necessity of care. There was no negligence on the part of the defendant in sending broken cars for repairs to the yard where the plaintiff was at work. This was a proper place for them. There was no negligence in omitting to give notice to the plaintiff that broken cars were to be sent to this yard for repairs, and that his employment included the duty of handling and moving them. All this he knew already. What he did not know was, that this particular car was broken, and that broken cars which were sent for repairs might be found in that part of the yard where this car was. While not disposed to relax the strictness of the rule which requires a master to give fair and reasonable information and instruction, to a young, ignorant, or inexperienced servant, as to the perils incident to his employment, we cannot find any warrant, either on principle or on authority, for extending it to a case like the present. Upon the undisputed facts, the risk was one which the law cast upon the plaintiff. See *Dynen* v. *Leach*, 26 L. J. (N. S.) Ex. 221; *Chicago & Northwestern Railroad* v. *Ward*, 61 Ill. 130; *Flannagan* v. *Chicago & Northwestern Railway*, 50 Wis. 462; *Holden* v. *Fitchburg Railroad*, 129 Mass. 268.

*Exceptions sustained.*