Lemuel Coolbroth *vs.* Maine Central Railroad Company.

Cumberland.    Opinion March 7, 1885.

*Master and servant.*

It is the well settled law that a servant of mature age and common intelligence, when he engages to serve a master, undertakes, as between himself and master, to run all the ordinary and apparent risks of the service.

On exceptions to the ruling of the court in overruling defendant's demurrer to the plaintiff's declaration.

*S. C. Strout, H. W. Gage and F. S. Strout,* and *N. and H. B. Cleaves,* for the plaintiff.

The question presented by this writ and demurrer, is whether the master, who has full knowledge of the perils of a service, and orders his servant to dangerous work, of the danger of which he is ignorant, both from inexperience and from reliance upon the superior knowledge of the master, is liable for an injury received by the servant in such employment, when he is. without fault, and acting carefully.

This court say, in *Buzzell* v. *Laconia Man. Co.* 48 Maine, 116 : "The superior intelligence and determining will of the

master demand vigilance on his part that his servants shall neither wantonly nor negligently be exposed to needless and unnecessary peril. The servant has no general control. He is the actor. The master is the director. The one commands, the other obeys." "His service is compulsory from the pressure of want." "He has a right to presume that all proper attention shall be given to his safety, and that he shall not be carelessly and needlessly exposed to risks not necessarily resulting from his occupation."

These remarks apply to the case at bar.

It has been held that an employer who takes an inexperienced man into a dangerous place without apprising him of the risks of the employment, and without warning him of his danger, is liable in case of injury. *Parkhurst* v. *Johnson*, (Mich.) reported in 16 Reporter, 19.

The same doctrine is held in *Union Man. Co.* v. *Morrissey*, (Ohio), 22 Amer. Law Reg. 574; *Miller* v. *R. R.* 17 Fed. Rep. 67; *Elmer* v. *Locke*, 135 Mass. 579; *Ryan* v. *Tarbox*, 135 Mass. 207.

It is a question for the jury, not matter of law, whether the master is negligent when the risk was incurred by direction of the master to do the act in a manner unnecessarily dangerous, as in this case. *Clarke* v. *Holmes*, 7 Hurl. & N. 949; *Greenleaf* v. *R. R. Co.* 29 Iowa, 14; *Patterson* v. *R. R. Co.* 76 Penn. St. 389; *Ford* v. *R. R.* 110 Mass. 240; *Hough* v. *R. R.* 100 U. S. 215; *Mulvey* v. *R. R. Locomotive Co.* 14 R. I. 204.

Upon the facts alleged, we are entitled to the judgment of the jury, whether negligence is imputable to the defendants, and whether, under all the circumstances, the plaintiff was in the exercise of due care. *Ryan* v. *Tarbox*, 135 Mass. 207; *Snow* v. *R. R.* 8 Allen, 441; *Huddleston* v. *Lowell Machine Shop*, 106 Mass. 282; *Whittaker* v. *Boylston*, 97 Mass. 273; *Coombs* v. *Cordage Co.* 102 Mass. 572; *Hough* v. *R. R.* 100 U. S. 215.

It follows that the demurrer is not well taken.

*Drummond and Drummond*, for the defendant, cited: *Gavett* v. *M. & L. R. R. Co.* 16 Gray, 501; *Todd* v. *O. C.*

*R. R. Co.* 3 Allen, 18; *Gahagan* v. *B. & L. R. R. Co.* 1
Allen, 187; *Grows* v. *M. C. R. R. Co.* 67 Maine, 100;
*Lawler* v. *A. R. R. Co.* 62 Maine, 463; *Day* v. *S. & D. R. R.
Co.* 42 Mich. 523, (2 A. & E. cas. 126); *L. R. R. R. Co.* v.
*Duffey*, 35 Ark. 602, (4 A. & E. Cas. 637); *G. & C. R. R.
Co.* v. *Bresmer*, 94 Penn. 103, (4 A. & E. Cas. 647); *L. S.
R. R. Co.* v. *McCormick*, 74 Ind. 440, (5 A. & E. Cas. 474);
*Ballou* v. *C. & N. R. R. Co.* (Wis.) 5 A. & E. Cas. 480;
*P. R. R. Co.* v. *Sentmeyer*, 92 Penn. 276, (5 A. & E. Cas.
508); *Howland* v. *M. R. R. Co.* (Wis.) 5 A. & E. Cas.
578; *G. R. R. Co.* v. *Lempe*, (Texas) 11 A. & E. Cas. 201;
*Coombs* v. *N. B. Cordage Co.* 102 Mass. 572; *Cayzer* v.
*Taylor*, 10 Gray, 274; *Huddleston* v. *Lowell M. Works*, 106
Mass. 282; *Arkerson* v. *Dennison*, 117 Mass. 407; *Buzzell* v.
*Laconia M'f'g Co.* 48 Maine, 113; *Shanny* v. *Androscoggin
Mills*, 66 Maine, 427; *M. R. R. Co.* v. *Haley*, 25 Kansas,
35, (5 A. & E. Cas. 594); *Snow* v. *H. R. R. Co.* 8 Allen,
441; *Kenney* v. *Shaw*, 133 Mass. 501; *Sullivan* v. *India Co.*
113 Mass. 396; *Hill* v. *Gust*, 55 Ind. 45; *St Louis* v. *Valirius*,
56 Ind. 511; *Thompson* v. *C. R. R. Co.* 18 Fed. Rep. 239;
2 Thompson, Neg. 994, 1009; *Hathaway* v. *M. C. R. R. Co.*
12 Am. & Eng. R. R. Cas. 249, see note; *I. B. & W. R.* v.
*Flanigan*, 77 Ill. 365; *F. W. R. R. Co.* v. *Gildersleeve*, 33
Mich. 133; *Walsh* v. *St. P. & D. R. R. Co.* 2 Am. & Eng.
R. R. Cas. 144.

LIBBEY, J.   It is the well settled law that a servant of mature
age and common intelligence, when he engages to serve a master,
undertakes as between himself and master, to run all the ordinary
and *apparent* risks of the service.   This rule is so well and
uniformly settled that no citation of authorities is needed.

There are exceptions to this general rule, but the facts averred
in the plaintiff's declaration do not take the case out of it.   The
allegation. are, in substance, that on the fifteenth day of
October, 1879, he was, and for a long time prior thereto had
been, in the employment of the defendants, and for three weeks
prior thereto had been stationed at the transfer station near

Portland, and required to throw into the train of the defendants going east by said station, mail bags, while the train was in motion, " which service, as was well known to the defendants and not well known to the plaintiff, was a dangerous service," and on said fifteenth day of October, while in the performance of that service in carefully attempting to throw the mail bags into the mail car while the train was in motion passing said station, he was thrown down under the train and was injured.

Here are no allegations of any unusual or extraordinary occurrences on that occasion, or of any unusual danger that caused the plaintiff to fall, but at best for him his fall and injury were caused by the ordinary and apparent dangers of the service — apparent to any man of ordinary capacity for such service. True, it is alleged that the service "as was well known to the defendants and not well known to the plaintiff, was a dangerous service," but it is not alleged that the defendants did not inform the plaintiff that the service was dangerous — such an allegation is necessary to show the defendants in fault. The fact cannot be implied from the allegation that the dangers were not well known to the plaintiff. But we feel clear that in this case such an allegation would not help the plaintiff. The dangers were as apparent to the plaintiff as to the defendants. If the plaintiff did not understand them when he commenced the service, he had been performing it for three weeks, with all the dangers apparent every time he threw the bags into the car, without protest or complaint; and by so doing must be held to have taken upon himself the hazards which caused his injury. *Shanny* v. *And. Mills*, 66 Maine, 420; *Yeaton* v. *Boston & L. R. Company*, 135 Mass. 418; *Hathaway* v. *Mich. Cen. R. R. Co.* 12 A. & E. R. R. Cases, 249; Thompson on Neg. p. 976, § 7.

> *Exceptions sustained. Demurrer sustained. Declaration bad.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.