## JOHN JOYCE *vs.* CITY OF WORCESTER.

Worcester. Oct. 1. — 26, 1885. FIELD, C. ALLEN, & GARDNER, JJ., absent.

A laborer, employed by a city to work on a sewer, was injured by the upsetting of a derrick, one of the legs of which he was holding, and which was being used to draw out of the earth, by means of power applied by a steam-engine, the planks which protected the sides of the trench excavated for the sewer. In an action for such injury, the judge instructed the jury, in substance, that a person undertakes the ordinary risks of an employment into which he enters, and if the employment is attended with extraordinary risks, which are fully known to the workman when he enters on the employment, he assumes these risks also; and that the city was responsible for all injuries resulting from defective machinery or apparatus, although the negligence of a fellow servant contributed to cause the injury; and declined to instruct the jury, as requested by the plaintiff, that his "knowledge of the danger of drawing the plank was not conclusive evidence of neglect in failing to avoid it." *Held*, there being no evidence that the plaintiff was negligent, that he had no ground of exception to the refusal to rule as requested.

TORT for personal injuries received by the plaintiff while in the defendant's employ. Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff offered evidence tending to show the following facts. He came to Worcester in the summer of 1882, and let himself to the defendant to work on a sewer. As the sewer was excavated, it became necessary to drive planks on the sides of the trench; and the particular work which the plaintiff was to do was to drive these planks down, as the excavation went on, with a heavy wooden mallet. After the sewer was built at the bottom of the trench, the trench was filled with earth to the top, leaving these planks, which were about eighteen feet long, ten inches wide, and two inches thick, imbedded in the earth, and projecting above the surface about one foot.

The city had an appliance to draw these planks up out of the earth, consisting of a derrick, made of four pieces of timber about sixteen feet long, and in size four by six inches, fastened together loosely at the top by an iron pin, which ran through the timbers at the upper end. The fastening was made loose to facilitate the spreading or the contracting of the legs of the derrick.

The derrick was set up over the plank to be drawn, each foot resting on a plank laid flat. A chain was attached to the top of the plank to be drawn, and from the chain a rope passed up to a tackle hanging from the apex of the derrick, went through a pulley, and then down to a guide pulley fastened to the top of another of the planks near the two fore legs of the derrick, and thence ran along the ground about seventy or seventy-five feet, where it was wound on to a drum by a steam-engine.

The derrick could be set at will exactly over the plank to be drawn, so that the plank would be lifted exactly vertically, and the guide block could be placed within the lines of the legs of the derrick. The derrick, when it fell, as hereinafter stated, was not placed directly over the plank being lifted, but the plank was nearer the engine than the centre of the derrick, and the guide block was outside the line of the legs of the derrick. The placing of the derrick and guide block was wholly within the control of the workmen managing it. No part of the

derrick or apparatus was broken, and every part of the derrick and appliances for drawing the planks were in full view, and could be seen by the plaintiff and his fellow servants. In order to steady the derrick when the power was applied, a man was stationed at each leg to hold it firmly down to the plank on which it stood.

The accident occurred on May 4, 1883, by the upsetting of the derrick when the power was applied to draw up one of these planks. The plaintiff was set to hold, and was holding, one of the legs at the time of the accident. The derrick was pulled over, and the plaintiff received his injury by being thrown upward and backward by the action of the leg of the derrick he was holding.

The engineer had had many years' experience in running a stationary engine, and had drawn planks in the same manner, and by a similar contrivance, as he was doing it at the time of the accident, in 1875 or 1876, but not since until he began to work for the defendant in drawing planks as above stated. A foreman was placed over the derrick, to attach the chain to the plank and to give the signal to the engineer, and he was also one of the men to hold the legs.

The plaintiff offered no evidence tending to show that the instrument used was not a suitable appliance for the purpose, except what the jury might infer from a description and the model of the derrick. He contended that the whole contrivance, from its nature and construction, was unsafe and unsuitable; and offered evidence to show that said plank could be drawn by hand power, which would be much safer than the machine used.

The defendant contended that the accident was caused by the negligence of a fellow servant.

The judge instructed the jury as follows: "An employer of workmen is required by law to use due and reasonable care in the selection of competent and trusty servants, and in providing and maintaining suitable engines, machinery, and other appliances for doing the work for which he employs them; and he is liable to any of his servants for injuries suffered by them by reason of his negligence or want of due care in any of these respects. But a person capable of contracting takes upon himself

the ordinary risks of the employment upon which he voluntarily enters, including the negligent acts of his fellow servants, who have been selected with due care by their common employer; and, if the employment is attended with extraordinary dangers or risks, which are fully known to the workman when he enters upon the employment, he assumes these risks also. The employer is, however, liable to his servants for injuries resulting from defective machinery or apparatus, although the negligence of a fellow servant contributes to cause. the injuries. An employer does not warrant the absolute safety and sufficiency of the machinery, apparatus, and structures used in his business; but, in selecting his workmen, and in providing and maintaining the machinery, apparatus, and structures for their use, he must consider the kind, character, and extent of the work in which they are to be employed and used, and he is bound to provide such as are reasonably safe and suitable for the particular work to be done. If the jury find, upon the evidence, that the city used due and reasonable care in the selection of the plaintiff's fellow servants, and in providing and maintaining suitable machinery and other appliances for performing the work in which they and he were engaged, and the plaintiff received his injuries by reason of the negligent acts of a fellow servant, he cannot recover; but if the jury find that the city failed to use due and reasonable care in the selection of competent servants, or in providing and maintaining suitable machinery and other appliances for the work, and the plaintiff suffered the injuries he complains of by reason of such failure on the part of the city, he can recover a fair compensation for these injuries, although it should appear that the negligent acts of a fellow servant contributed to cause the injuries."

The judge also instructed the jury, that, if the work in which the plaintiff was employed by the city was attended with extraordinary dangers or risks unknown to the plaintiff, and his injuries were caused thereby, he could maintain his action, and recover compensation for the injuries so caused and suffered.

The plaintiff asked the judge to instruct the jury, that the defendant had no right to adopt this system of drawing planks, unless it was reasonably safe as compared with other methods; and that, if some other contrivance would reasonably accomplish

the work and be of much less risk, it should be adopted, if it was known or ought to have been known to the defendant.

The judge declined to give this instruction in the words of the request; but instructed the jury, that, in determining whether the machinery, apparatus, and power used in this case were suitable and fit, the element of safety was important, but not the only one to be considered; that it might have been safer to employ hand power instead of steam, but the question of the fitness or suitableness of the whole apparatus, including the power used, was to be decided upon a view of all the facts disclosed by the evidence, as to the character of the work, its extent or amount, and the efficiency of the means employed to do it; that, simply because it might have been safer to draw the planks by hand power rather than by steam power, the city would not be liable to the plaintiff for not using the former power, unless the jury, upon the whole evidence, found that, in the exercise of due and reasonable care in providing and maintaining the machinery, apparatus, and power for doing the work in which the plaintiff was employed, it ought, upon the principles of law before stated, to have used hand power, and not steam.

The plaintiff also asked the judge to instruct the jury, that the plaintiff's knowledge of the danger of drawing the plank was not conclusive evidence of neglect in failing to avoid it. The judge did not give this instruction, except so far as it may be included in substance in the instructions actually given, as above stated.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*T. G. Kent*, for the plaintiff, contended that the last instruction asked for should have been given.

*F. P. Goulding*, for the defendant.

DEVENS, J. We cannot perceive that the plaintiff was entitled to the ruling, that his " knowledge of the danger of drawing the plank was not conclusive evidence of neglect in failing to avoid it; " or that such ruling was in any way applicable to the facts of the case. By the instructions, which were extremely full and clear, the defendant had been held responsible for all injuries resulting from defective machinery or apparatus, although the negligence of a fellow servant had contributed to

cause the injury. Having instructed the jury, in substance, that any person entering into any employment takes on himself the ordinary risks of the employment, the presiding judge added, that, " if the employment is attended with extraordinary dangers or risks, which are fully known to the workman when he enters on the employment, he assumes those risks also." This is in accordance with a settled principle. *Pingree* v. *Leyland*, 135 Mass. 398, and cases cited. *Yeaton* v. *Boston & Lowell Railroad*, 135 Mass. 418. There being no evidence that the plaintiff had been in any way negligent in the conduct of his employment, the instruction did not require the modification which the plaintiff sought to give it. The legitimate tendency of such a modification would have been to divert the jury from the true issues, which were whether the plaintiff had knowingly assumed the dangers of the employment, and whether the injury was in any degree caused by defective machinery or apparatus furnished by the defendant.      *Exceptions overruled.*