## FRANKLIN WOOD *vs.* AUGUSTUS W. LOCKE.

Berkshire.   September 11, 1888. — November 27, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Personal Injuries — Master and Servant — Risk incident to Employment of Railroad Brakeman.*

A railroad brakeman, a part of whose duty it was to couple cars upon tracks known by him to be unblocked and dangerous, which the railroad company employing him had the right to use under a contract with the manager of another railroad which owned them, while so engaged caught his foot in a frog and was injured.   *Held*, that he took upon himself the risk involved in the non-blocking of the frogs as against such manager, and could not maintain an action against him for the injuries.

Tort, against the manager of the Troy and Greenfield Railroad and the Hoosac Tunnel, for personal injuries occasioned to the plaintiff, a railroad brakeman, by catching his foot in an unblocked frog.

At the trial in the Superior Court, before *Staples*, J., it was agreed that the defendant was such manager at the time of the accident and the bringing of the action, and that the Troy and Boston Railroad had the right, under a contract between it and such manager, or his predecessor in office, to use the yard and tracks of the Troy and Greenfield Railroad at North Adams. There was evidence that the plaintiff was in the employment of the Troy and Boston Railroad Company as a brakeman, and not in that of the defendant; that part of his duty for over a year before the accident had been to couple cars in the making up of trains in such yard at North Adams; and that while so engaged, on March 10, 1886, he caught his foot in a frog, which was not blocked, and was injured. The plaintiff testified, on cross-examination, that, so far as he knew, no frogs in the yard were blocked before the accident; that, if they had been blocked, they would have been in plain sight; that he knew that unblocked frogs were dangerous; and that he had known of accidents caused by such frogs.

Upon these facts, the judge ruled that the action could not be maintained, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

*A. W. Preston & M. E. Couch*, for the plaintiff.

*G. A. Torrey*, for the defendant.

W. ALLEN, J. The plaintiff knew the condition of the tracks and the danger attending their use, and voluntarily assumed the known risks of his employment upon them. *Pingree* v. *Leyland*, 135 Mass. 398. *Moulton* v. *Gage*, 138 Mass. 390. *Leary* v. *Boston & Albany Railroad*, 139 Mass. 580. *Taylor* v. *Carew Manuf. Co.* 140 Mass. 150. *Lake Shore & Michigan Southern Railway* v. *McCormick*, 74 Ind. 440.

It does not make in the plaintiff's favor that he was not in the employment of the defendant, but in that of the Troy and Boston Railroad Company, a corporation that was authorized to use the tracks. Whatever the obligations of the defendant may have been under the contract with that company, he was under

no greater obligation to its servants to furnish a suitable road for them to work upon, than he was under to his own servants. The plaintiff, in going to work upon the tracks at the invitation of the defendant contained in the contract with the Troy and Boston Railroad Company, assumed, as against the defendant, the obvious and known risks of the employment arising from the defective construction or condition of the road, as fully as if he had gone upon the tracks under a contract with the defendant as his servant. A majority of the court are of opinion, for these reasons, that the entry must be,

*Exceptions overruled.*