FRANK CAREY *vs.* BOSTON & MAINE RAILROAD.

Worcester.    October 5, 1892. — March 2, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Crank of Hand-car.— Assumption of Risk — Variance.*

In an action against a railroad company for personal injuries occasioned to the plaintiff by being thrown from a hand-car in consequence of his clothing being caught by the crank of the car while he was turning the same, there was evidence tending to show that the part of the crank which was taken hold of consisted of a wooden piece through which passed an iron bolt on which the wooden piece turned as the crank revolved; that this iron bolt passed through the arm of the crank, and projected on the other side in all an inch and a half; that the part which projected had a thread cut on it, and a nut screwed down to the arm, the nut being half an inch thick, and the threaded screw projecting an inch beyond the nut. The plaintiff had been in the employ of the defendant for several years as a section hand, and the hand-car on which he was injured had been in use for several days. *Held,* that while there was evidence that some other hand-cars had the end of the bolt welded, and others had the nut at the end of the handle, there was no evidence that a handle made as this one was with a threaded screw projecting beyond the end of the nut was not a well known device, and the fact that it was more dangerous than other devices did not render the employer liable.

In an action against a railroad company for personal injuries occasioned to the plaintiff by being thrown from a hand-car in consequence of his clothing being caught by the crank of the car while he was turning the same, the declaration alleged that the pin or bolt became detached from the handle and then became entangled in the plaintiff's clothing, and that it became detached because it and other parts and attachments of the handle were insufficient and unfit for the use to which they had been applied, while the evidence was that while the plaintiff was turning the crank a bolt at the end of the crank took hold of his coat and threw him over and the car ran over him. *Held,* that there was a variance between the allegations and the proof.

TORT for personal injuries occasioned to the plaintiff by being thrown from a hand-car on the defendant's road. The declaration alleged that " the plaintiff, while in the proper performance of said employment, was engaged, together with other fellow servants of the defendant, in propelling a hand-car upon the tracks of the defendant in West Boylston in Worcester County, by means of a crank attached to and a part of said car; that while so engaged, and while in the exercise of due and proper care, a pin or bolt which formed part of the handle of said crank and

also other parts and attachments of said handle became detached from said handle for the reason that said pin or bolt and said other parts and attachments of said handle were insufficient and unfit for the uses to which they had been applied; that directly said pin or bolt and said other attachments and parts of said handle became detached as aforesaid, said pin or bolt became entangled in the clothing of the plaintiff and he was thrown violently out of and in front of said car, and said car passed over the body of the plaintiff; . . . that said pin or bolt and said other parts and attachments were old, insecure, and unfit for the uses to which they had been put."

At the trial in the Superior Court, before *Maynard,* J., there was evidence tending to show that the plaintiff was a section hand employed on a section of the defendant's road; that on or about September 30, 1889, he went in the morning from Oakdale, the northerly end of the section, to nearly the southerly end of the section, a distance of three or four miles, and worked there on the road through the day; that at about six o'clock in the evening the plaintiff, the foreman, and the other sectionmen started back on the same car, and the plaintiff turned one of the two cranks by which the car was propelled, one of the other sectionmen turning the other; and that soon after starting the plaintiff's clothing was caught by the crank, and he was thrown out and received the injury complained of.

The plaintiff testified that he was fifty-four years old; that he had worked for the defendant several years, not constantly, but as a special section hand; that he worked on the day in question till about six P. M., when he started back; that it was about dark, growing dusk; that he felt obliged to take the crank as the others had taken seats; that he took the right-hand crank and another man the left-hand crank; that he buttoned his coat three or four buttons and began to turn the crank; that the grade was a down grade; that he was turning the crank in the usual manner and was going at ordinary speed; that a bolt at the end of the crank took hold of his coat and threw him over, and the car ran over him; that the bolt in the handle stuck out an inch or an inch and a half, and that he was pitched out like a gunshot, and that was all he remembered; that this car had been on the road four or five days; and that

he turned the óther crank coming down in the morning, but had never before turned the one that caught him.

One Shepard, called by the plaintiff, testified that he was one of the men in the gang at the time the plaintiff was hurt; that the grade was a down grade of about seventy-five feet in a mile; that it was a pretty good running car; that the bolt was a little too long; that it stuck out beyond the handle; that the part of the crank which was taken hold of consisted of a wooden piece through which passed an iron bolt on which the wooden piece turned as the crank revolved; that this iron bolt passed through the arm of the crank, and projected on the other side in all an inch and a half; that the part which projected had a thread cut on it, and a nut screwed down to the arm, the nut being half an inch thick, and the threaded screw projecting an inch beyond the nut; and that after the accident he found a piece of the plaintiff's coat caught on to the projecting end of the bolt, and twisted around the handle.

Shepard on being recalled testified as follows: " *Q.* How was this handle different, if different at all, from other handles on other hand-cars? *A.* Some other hand-cars wouldn't have that nut on there at all. It would be welded up. — *Q.* How about other hand-cars and this extension of the bolt? *A.* It would be put in the same way, only put in the handle. The bolt put in the same way and nut put on here [indicating the end of the handle]. — *Q.* On the other end? *A.* Yes."

The defendant offered evidence of the condition of the handle of the car, contradicting the evidence of the plaintiff.

The defendant requested the judge to rule as follows:

" 1. That there was no evidence to warrant a verdict for the plaintiff. 2. That whatever defect there was in the hand-car was obvious, and as apparent to the plaintiff as to the defendant. 3. That upon the pleadings and proof the verdict should be for the defendant. 4. That there was no evidence that the projecting bolt or screw described by Shepard was a defect, and that, so far as appeared, it was a method of construction which the defendant had a right to adopt, even if it was more dangerous than some other method would be."

The judge declined so to rule; the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

The case was argued at the bar in October, 1892, and afterwards was submitted on the briefs to all the judges.

*F. P. Goulding*, for the defendant.

*E. J. McMahon & W. A. Gile*, for the plaintiff.

LATHROP, J.   In the opinion of a majority of the court, the instructions requested by the defendant should have been given. The plaintiff had been in the employ of the defendant for several years as a section hand.   The hand-car on which he was injured had been in use for several days.   While there is evidence that some other hand-cars had the end of the bolt welded, and others had the nut at the end of the handle, there is no evidence that a handle made as this one was, with a threaded screw projecting beyond the end of the nut, was not a well known device.   The fact that it was more dangerous than other devices does not render the employer liable.

In *Goodnow* v. *Walpole Emery Mills*, 146 Mass. 261, the plaintiff was injured by a set screw projecting from the collar of a shaft.   On the question whether this was a defect for which the defendant was liable, it was said by Mr. Justice Devens, in delivering the opinion of the court: "It cannot be claimed that the machinery used by the defendant was out of repair, or defective and unsuitable for the purpose.   There was evidence on the part of the plaintiff that a recessed collar was in common use, so made that the set screw was sunk into the collar flush with its face, upon which there was much less liability of being caught than on that used by the defendant.   But the plaintiff offered no evidence that the collar and set screw as used by the defendant were not also in common use."   See also *Lovejoy* v. *Boston & Lowell Railroad*, 125 Mass. 79; *Coombs* v. *Fitchburg Railroad*, 156 Mass. 200.

The danger of bringing one's clothes in contact with a revolving crank while in motion is an obvious one; and it cannot be said that, because this danger was somewhat increased by the device used, there was a defect in the machine.   Whatever danger there was in the fact that the screw projected beyond the nut was as well known and as obvious a danger to the plaintiff as to the defendant.   The plaintiff does not testify that he was ignorant of the fact; and he had ample opportunity of knowing all about it.   He must, therefore, be held to have assumed and

taken the risk of injury from that source. *Pingree* v. *Leyland,*
135 Mass. 398. *Williams* v. *Churchill,* 137 Mass. 243. *Moulton*
v. *Gage,* 138 Mass. 390. *Leary* v. *Boston & Albany Railroad,*
139 Mass. 580. *Russell* v. *Tillotson,* 140 Mass. 201. *Taylor* v.
*Carew Manuf. Co.* 140 Mass. 150. *Gilbert* v. *Guild,* 144 Mass.
601. *Wood* v. *Locke,* 147 Mass. 604. *Probert* v. *Phipps,* 149
Mass. 258. *Lothrop* v. *Fitchburg Railroad,* 150 Mass. 423. *Pratt*
v. *Prouty,* 153 Mass. 333.

There was also a variance between the allegations and the
proof. The declaration alleges that the pin or bolt became
detached from the handle, and then became entangled in the
plaintiff's clothing, and that it became detached because it and
other parts and attachments of the handle were insufficient and
unfit for the use to which they had been applied. The only
defect alleged in the declaration is a condition which caused
the pin or bolt to become detached. This was not supported
by the proof.                              *Exceptions sustained.*