*F. P. Goulding*, for the plaintiff.

———————

HARRY E. GLEASON *vs.* NEW YORK AND NEW ENGLAND RAILROAD COMPANY.

Suffolk.   January 11, 12, 1893. — May 17, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Employers' Liability Act — Neligence — Alleged Defective Timbering — Assumption of Risk.*

If no duty rests upon a railroad corporation to alter the timbering or planking by which an employee of the corporation was injured, and the employee was familiar with the same, he must be held to have taken the risk, and cannot recover for the injury in an action against the corporation.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ. The declaration was in two counts, the first being under St. 1887, c. 270. At the trial in the Superior Court, before *Fessenden*, J., it appeared that the plaintiff, having caught his foot in a hole in the planking or timbering erected over Fort Point Channel in the defendant's passenger yard, was struck by a locomotive engine of the defendant.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The material facts appear in the opinion.

*F. A. Farnham*, for the defendant.

*C. G. Fall*, for the plaintiff.

ALLEN, J.   The defendant's passenger yard extended over Fort Point Channel, being planked or timbered, and the planks or timbers were generally an inch or two apart, but at the place of the plaintiff's accident the evidence tended to show that the open space was about three and one half inches wide, extending

between the rails of a track. The yard was about five hundred feet long and forty feet wide, with a space for walking. The plaintiff had been employed in this yard for about six weeks as a switchman, his duties had constantly taken him to all the switches in the yard, and he had been in the habit of throwing the switch which was at the hole where he got hurt. In view of the defendant's first request for instructions, which was refused, it must now be assumed that the open space or hole at the time of the accident was in the same condition as it was when the plaintiff went to work in the yard.* It was plain to be seen, and any one passing there and looking where he stepped could not fail to see it. The plaintiff's familiarity with the general condition of the premises cannot be doubted, and the condition at this particular place, where he had been in the habit of working day after day, was open to view and obvious. Under this state of things, no duty rested upon the defendant to alter the timbering or planking, and the plaintiff must be held to have taken the risk. *O'Maley* v. *South Boston Gas Light Co.* 158 Mass. 135. *Wood* v. *Locke,* 147 Mass. 604. *Lovejoy* v. *Boston & Lowell Railroad,* 125 Mass. 79. The case is to be distinguished from *Hannah* v. *Connecticut River Railroad,* 154 Mass. 529, where a temporary hole in the road-bed was formed after the plaintiff's employment began, and had been there but a short time and had not been noticed by him.

*Exceptions sustained.*

---

* While the plaintiff testified that he had never noticed the hole or opening, he admitted that he had thrown the switch a good many hundred times in the six weeks during which he was in the defendant's employ; that the hole or opening was " plain enough," and that it was only about six feet from the switch. The defendant's first request for instructions was as follows: " If it appears that the space between the third switch brace and the next beam, that is, where the plaintiff's foot is alleged to have been caught, was at the time in the same condition as it was when Gleason went to work in the yard, he accepted the risk and cannot recover."