MODISTE DAIGLE *vs.* LAWRENCE MANUFACTURING COMPANY.

Suffolk.    May 29, 1893. — June 21, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Personal Injuries — Negligence — Assumption of Risk of Employment.*

If an employee receives injuries while removing waste as it accumulates inside of a cylinder, he cannot recover therefor of his employer, if there was no negligence on the part of the employer, and if the employee understood and appreciated the risk of the danger.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ. At the trial in the Superior Court, before *Dunbar* J., it appeared that the plaintiff lost his arm while removing waste as it accumulated inside of a cylinder. The judge directed a verdict for the defendant; and the plaintiff alleged exceptions. The material facts appear in the opinion.

*C. Cowley*, for the plaintiff.

*L. S. Dabney*, for the defendant.

ALLEN, J.    The work which the plaintiff undertook to do was to remove the waste as it accumulated inside of the cylinder.

The only negligence on the part of the defendant which the plaintiff's counsel complains of at the argument in this court is, that the sliding door was not properly secured, but this had nothing to do with the accident to the plaintiff, who could not have put his hand into the cylinder to remove the waste unless the door had been open.   If not already open, he would have had to open it.

From the plaintiff's own testimony, and that introduced by him, it appeared that it was usual to remove the waste while the cylinder was revolving; that he had been doing that work for about fifteen months; that he had received full instructions as to the manner of performing it; that the cylinder revolved slowly, not more than two or three times in a minute; that at the time of the accident it was not revolving faster than usual; that when the sliding door was open it was light, so that the revolving arms on the inside of the cylinder could be seen; that he put in his hand to remove the waste that was gathering, as he very often had done before, but this time he did not take it out soon enough, and it was caught between one of the revolving arms and a stationary cross-bar.   Not only was there no negligence on the part of the defendant, but it is plain that the plaintiff understood and appreciated and assumed the risk of such danger as there was in doing the work which he undertook to do.   *O'Maley* v. *South Boston Gas Light Co.* 158 Mass. 135, and cases cited.   *Foley* v. *Pettee Machine Works*, 149 Mass. 294.

*Exceptions overruled.*