WILLIAM CASSADY *vs.* BOSTON AND ALBANY RAILROAD
COMPANY.

Suffolk.    March 27, 1895. — June 25, 1895.

Present: FIELD, C. J., MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Negligence — Obvious Defect — Assumption of Risk —
Employers' Liability Act.*

An employee cannot maintain an action against a railroad company for injuries occasioned while he was at work in a freight car, by the falling upon him of a grain door, which had been swung up against the roof of the car and there fastened by a hook by the plaintiff and a fellow servant a short time before, if

the defect in the door, if any, which caused it to fall, was an obvious one, of which the plaintiff took the risk; and on the question whether the plaintiff took the risk, there is no difference whether the action is brought at common law or under the employers' liability act, St. 1887, c. 270.

TORT, for personal injuries occasioned to the plaintiff by the falling upon him of a door while he was at work in a freight car in the defendant's employ.   The declaration contained two counts, one at common law, and the other under the employers' liability act, St. 1887, c. 270, § 1, cl. 1.

Trial in the Superior Court, before *Hammond,* J., who ruled that the evidence was insufficient to warrant a verdict for the plaintiff, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

*S. L. Whipple,* for the plaintiff.

*W. Hudson,* for the defendant.

LATHROP, J.   The plaintiff was injured, while at work in a freight car, by the falling upon him of a grain door, which had been swung up against the roof of the car, and there fastened by a hook, a short time before, the work of swinging up and fastening being done by the plaintiff and a fellow servant.

If there was any evidence in the case which would warrant a finding that there was any defect in the door or its fastening, notwithstanding the testimony of the plaintiff and his witnesses that the hook was all right, it is to be found in the testimony of one Agnew, " that the end of the hook was a little more or less blunt from wear ; that the top of the grain door, which would come directly under the jaw over the hook, was a little worn, too, — he could n't say positively how much, — it may have been an eighth or a quarter of an inch ; and that there was no iron over that part of the car door to prevent the wood wearing against the jaw above."   It is to be noticed, however, that none of the witnesses testified that this condition of things caused the door to fall.   Nor is there any evidence that the hook used in this case was not a proper and usual hook to use, although another kind of hook was put in evidence.

The condition of things was known to the plaintiff.   He had been in the employ of the defendant for three years, and was an experienced freight handler.   It was a part of his duty to put up and hook the grain door ; he did it in this instance, and

looked to see whether it was all right, just as he had previously looked to see whether other grain doors which he had put up were all right. If, then, any defect existed in the door which would cause it to fall when the car vibrated, as all cars must vibrate when a heavy load is dumped into them, this defect was an obvious one, of which the plaintiff took the risk. *Russell* v. *Tillotson*, 140 Mass. 201. *Anderson* v. *Clark*, 155 Mass. 368. *Carey* v. *Boston & Maine Railroad*, 158 Mass. 228. *Conroy* v. *Clinton*, 158 Mass. 318. *Murphy* v. *American Rubber Co.* 159 Mass. 266. *Goldthwait* v. *Haverhill & Groveland Street Railway*, 160 Mass. 554. *Allen* v. *Smith Iron Co.* 160 Mass. 557. *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153. *Kohn v. McNulta*, 147 U. S. 238.

On the question whether the plaintiff took the risk, there is no difference whether the action is brought at common law, or under the St. of 1887, c. 270. *O'Maley* v. *South Boston Gas Light Co.* 158 Mass. 135. *Fisk* v. *Fitchburg Railroad*, 158 Mass. 238. *Gleason* v. *New York & New England Railroad*, 159 Mass. 68. *Daigle* v. *Lawrence Manuf. Co.* 159 Mass. 378. *Kleinest* v. *Kunhardt*, 160 Mass. 230.                    *Exceptions overruled.*