JAMES A. LOVEJOY *vs.* BOSTON AND LOWELL RAILROAD CORPORATION.

Suffolk. March 14. — July 19, 1878. COLT, J., absent. LORD, J., did not sit.

In an action brought by an employee against a railroad corporation for an injury caused by his head coming in contact with a signal-post by the side of the track, and three feet and eight inches distant therefrom, while leaning outside of the locomotive engine and looking back to get a signal from the conductor, it appeared that the plaintiff knew of the signal-posts, but had not noticed the one in question before the accident, though, before looking back, he had looked ahead and seen no obstruction, and that there were many other structures on the line of the road at the same distance from it. *Held*, that the action could not be maintained.

TORT for personal injuries occasioned to the plaintiff while in the employ of the defendant as a locomotive engineer. Answer, a general denial. Trial in this court, before *Endicott*, J., who reported the case for the consideration of the full court, in substance as follows:

The plaintiff testified that, at the time of the accident, he was running a passenger train from Lowell to Boston; that at Winchester, a station on the defendant's road, it was the custom to detach cars from the rear of the train, and leave them at that point; that this was accomplished by starting the train and running a short distance, then shutting off steam so that the brakeman could pull the pin and detach the cars, and then the conductor was accustomed to pull the cord attached to a bell upon the locomotive, as a signal for the train to proceed; that sometimes the bell would not ring; that on the morning of the accident the plaintiff shut off steam, but the signal-bell was not sounded; that he looked through the window of the cab, saw no obstruction, and stepped upon the projection of the tender-frame, and leaned over outside of the locomotive, holding on to the side of the locomotive with his hands, for the purpose of obtaining a signal from the conductor (namely, the waving of his hand as he stood on the platform between the cars); that when he leaned from the side of the locomotive, the back of his head and neck, immediately behind the ear, came in contact with the post hereafter described, and he was thrown from the locomotive and received the injuries complained of; that engineers were in the habit of looking for a signal in this way, and it was a proper course of action; that the morning was cold and frosty, and the cab-window was covered with frost from the escaping steam from a small leak in the dome of the locomotive, but he wiped it off so that he could see out; and that it was too cold to run with the window open. On cross-examination, he testified that he recollected nothing after beginning to lean over outside of the locomotive, and he could not tell whether he intended to look back at once for the signal, or first to look ahead for obstructions.

It appeared that, the fall before the accident, which occurred in January, the defendant erected upon the line of its railroad, between Winchester and Boston, Hall's electric signals, but, at

the time of the accident, they had not been fully completed and put in operation. The signal-post against which the plaintiff struck was about twelve feet in height and ten inches square, having on its top a circular signal-box, about three feet in diameter, intended to display a signal to the engineer of any obstruction upon the track. It was placed three feet and eight inches from the main track on which the plaintiff was running, and half-way between that track and a parallel side-track; and there was nothing to obstruct the view of it for nearly half a mile up or down the track in either direction.

The plaintiff further testified that he was a spare runner, taking the place of the regular engineers on the various roads operated by the defendant, as occasion required; and that he had noticed that these signals were being erected on the line of the railroad, but had not, previously to the accident, noticed the signal-post in question.

The locomotive in use by the plaintiff projected one foot and four and one-half inches, and the passenger cars projected from twenty-five to twenty-seven inches, from the rail.

It was agreed, if competent for the defendant to prove it, that the abutments of some forty-six bridges, on which highways pass over its railroad between Boston and Lowell, and numerous buildings, station entrances, &c., were as near the track as the post in question; that the defendant's was a double-track road; and that trains in passing, both upon this road and upon most others, were nearer to each other than the plaintiff's train passed to the post in question.

An expert, introduced by the defendant, testified, upon cross-examination, that, where circumstances did not prevent, he did not consider it prudent to erect any object nearer the rail than four and one-half feet; that a majority of the bridges and other structures on the defendant's road were at that distance; that such was of late years the usual custom; and that there was no reason why the post in question could not have been set outside of the side-track. It was also agreed, if competent, that the post had been moved to that position by the defendant after the accident.

The defendant contended that, upon this evidence, the plaintiff was guilty of negligence, which, as matter of law, would

preclude his recovery; and that there was no evidence of negligence on the part of the defendant. The plaintiff contended that both these questions were for the jury; whereupon the judge reported these questions for the consideration of the full court. If, as matter of law, the plaintiff was guilty of such negligence as to preclude a recovery, or if there was no evidence of negligence on the part of the defendant, judgment was to be ordered for the defendant; otherwise, the case was to stand for trial.

*G. A. Torrey*, for the plaintiff.

*J. H. George*, (of New Hampshire,) for the defendant.

ENDICOTT, J. The plaintiff was in the employment of the defendant as a locomotive engineer. The electric signal-posts, against one of which the plaintiff struck when leaning outside his locomotive and looking back, to take a signal from the conductor, were placed three feet and eight inches from the track, and were two feet and a half from the outside of a passing locomotive. They were conspicuous objects ten feet in height, with a signal-box on top, three feet in diameter, and the post in question was visible for nearly half a mile in either direction. The abutments of forty-six bridges, numerous buildings, entrances to stations and other structures on the line of the defendant's road, were the same distance from the track. These facts were known to the plaintiff, though he testified that he had not, previously to his alleged injury, noticed this particular post. The only negligence imputed to the defendant was in placing this post so near the track.

As between the plaintiff and the defendant, it was immaterial whether it would have been more prudent to have placed the signal-posts, abutments of bridges and other structures, so numerous on the line of the defendant's road, more than three feet and eight inches from the track. If there was any danger to the plaintiff, while in the performance of his duty, from the structures thus placed, it was a risk he had assumed. He knew the manner in which the road was constructed, the proximity to the track of these structures, and the methods employed in the management of the trains. The defendant had the right to construct its road and conduct its business in this manner, and, as was said in *Ladd* v. *New Bedford Railroad*, 119 Mass. 412, "is

not liable to one of its servants, who is capable of contracting for himself, and knows the danger attending the business in the manner in which it is conducted, for an injury resulting therefrom." *Judgment for the defendant.*