Brown v. The Chicago, Rock Island & Pacific R'y Co.

69  161<br>103  671

1. **Railroads**: RISKS ASSUMED BY EMPLOYES: DANGERS FROM SNOW-BANKS. Dangers from snow-banks are inseparable from the operation of railroads where snow prevails, and is removed from the track by snow-plows; and when employes enter the service they assume such risks. *Dowell v. Burlington, C. R. & N. R'y Co.*, 62 Iowa, 629, and *Brown v. Chicago, R. I. & P. R'y Co.*, 64 Id., 652, followed.

2. ——: SNOW-BANKS: SIGNALS. Railroad companies are under no obligation to place signals at snow-banks along their tracks, nor to give notice by whistle or bell of the approach of a train to a snow-bank, in order to protect trainmen from injury.

3. ——: INJURY TO NEGLIGENT TRAINMEN: SPEED OF TRAIN IMMATERIAL. Where a trainman recklessly puts himself in a position of danger upon a train moving with unusual speed, and is injured, he cannot recover of the company on the ground that his co-employes were negligent in running the train too fast.

*Appeal from Washington District Court.*

THURSDAY, JUNE 17.

THE plaintiff is the administratrix of the estate of T. N. Brown, deceased, who was a fireman on one of the defendant's locomotive engines, and who was killed by coming in contact with a snow bank which was close to the railroad over which deceased was at the time, with others, operating a train. There was a verdict and judgment for the plaintiff. Defendant appeals.

*M. A. Low* and *Wright, Cummins & Wright*, for appellant.

*Ed. W. Stone*, for appellee.

ROTHROCK, J.—This is the second appeal in this case. See 64 Iowa, 652. The facts are very fully set forth in the former opinion; and, as they are substantially the same upon the present appeal, they need not be restated. It was held, on the first appeal, that the dangers from snow-banks are inseparable from

1. RAILROADS: risks assumed by employes: dangers from snow-banks.

the operation of railroads where snow prevails, and is removed from the track by snow-plows, and that, when employes enter the service, they assume the risk of such dangers. In so holding we followed the case of *Dowell v. Burlington C. R. & N. R'y Co.*, 62 Iowa, 629.

The acts of alleged negligence which the court thought proper to be submitted to the jury upon the last trial were 2. ——: (1) the failure to place danger signals on the snow-banks snow-bank at the side of the defendant's railroad signals. where it is alleged said Brown was killed; (2) in failing to give warning of the approach to said bank of snow by blowing the whistle or ringing the bell of the engine; and (3) in running the train on which deceased was employed at too high a rate of speed.

The defendant requested the court to instruct the jury that they should return a verdict for the defendant. We think this instruction should have been given, and we base our conclusions upon the fact that, conceding everything which the evidence tended to prove, defendant is not liable in damages by reason of negligence. The deceased was one of the crew or working force who, with the aid of a snow-plow, cleaned the track of snow from Washington to Knoxville. He knew of the existence of the banks of snow in close proximity to the track, and, with this knowledge, as we held on the former appeal, he assumed the risk of the danger attendant upon the operation of the road in this condition. He must be held to have the same knowledge of this danger as he had of the close proximity of cattle-chutes, coal sheds, platforms, bridges, water-pipes, or other structures and appliances necessarily located in close proximity to the track, which may be passed in perfect safety, so long as employes keep themselves within line of the cars in the train, but which are dangerous when an employe exposes himself to contact with them by swinging outside of the line of the train. And there is no rule of diligence which requires railroad companies to place signals at snow banks, by flags in daylight, and lanterns at night, to

protect trainmen from injury, that would not also require them to do so at other objects near the track; and the same may be said of the omission to blow the whistle or, ring the bell in approaching the snow bank.

It is true that a snow bank is a mere temporary object; but in this case it was as well known to the deceased as if it had been a permanent structure, because he assisted in making it, as one of the crew operating the snow-plow; and, knowing of these snow cuts, it is not material that he did not remember this particular one. *Lovejoy v. Boston & L. R. Corp.*, 125 Mass., 79. In that case the plaintiff, a brakeman, leaned out of a car to look for a signal from the conductor, and was struck by a signal post and injured, and it was held that the fact that signal posts were erected was known to the plaintiff precluded a recovery, although he testified that he had not previously noticed this particular post.

We do not think that the speed of the train was a matter proper to be submitted to the jury, under the facts of the case, because, if the deceased had leaned outside of the line of cars as he did, the result would have been the same if the train had been running at the usual rate of speed. See *Jones v. Louisville R. Co.*, (Sup. Ct. Ky., March 28, 1885,) 22 Amer. & Eng. R. Cas., 295, note. But the controlling reason why we think it should be held, as a matter of law, that no recovery can be had, is that the deceased, without cause, voluntarily and even recklessly put himself in a place of danger. It is true that there appeared to be a bright light under the engine, occasioned by cinders falling from the ash-pan. It appears that this was not an unusual occurrence, and did not alarm the engineer. The evidence tends to show that the deceased saw the light, and went out between the engine and tank, took hold of the "hand-holts" on the engine and tank, one in each hand, and swung out, with his head down, trying to look under the engine. While in this position, he was struck by the snow bank, and he was rolled between the bank and

the tender or tank of the engine and killed. Now, it is apparent that this act of the deceased was a reckless disregard of his own safety. The engine was doing its work in a satisfactory manner, the light was not unusual, and there was no emergency requiring any such an exposure to a danger of which the deceased must be assumed to have known. It has always been held that when a traveler upon a highway recklessly drives upon a railroad crossing, without looking for an approaching train, and is injured by a collision with a train, he cannot recover, no matter what the speed of the train may have been. Upon the same principle, there can be no recovery by an employe when he rashly and needlessly exposes himself to danger, however negligent the railroad company may be.

REVERSED.