## CHARLES H. GOLDTHWAIT *vs.* HAVERHILL AND GROVELAND STREET RAILWAY COMPANY.

Essex.    November 16, 17, 1893. — March 1, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Personal Injuries — Street Railway — Master and Servant — Risks of Employment — Action.*

A person employed about its car-house by a street railway corporation, who is injured by having his leg caught between the running boards of two open cars, while one is passing the other upon a curve in the tracks leading from the car-house to the street, must be presumed to have so known and appreciated the danger arising from the swing of a car in passing over a curve as being obviously incident to his employment as to preclude him from maintaining an action against the corporation for his injury ; and it is immaterial that the risk was increased during his employment by the use of open cars, longer and wider than close cars, if he continued to work without protest or promise of change of conditions.

TORT, for personal injuries occasioned to the plaintiff, while employed about its car-house by the defendant, by having his leg caught between the running boards of two open cars, while one was passing the other upon a curve in the tracks leading from the car-house to the street, in Haverhill. Trial in the Superior Court, before *Richardson*, J., who, at the defendant's request, ruled that the action could not be maintained ; directed a verdict for the defendant ; and, at the plaintiff's request, reported the case for the determination of this court. If the ruling was right, judgment was to be entered on the verdict ; otherwise, the verdict was to be set aside and a new trial ordered. The facts appear in the opinion.

*E. T. Burley*, for the plaintiff.

*A. A. Strout*, (*R. F. Herrick & G. Cunningham* with him,) for the defendant.

BARKER, J.    If it be assumed in favor of the plaintiff that he had no actual knowledge of the danger, yet its character and the circumstances bearing upon the question were, upon the undisputed evidence, such as to show that he ought to have known and appreciated it.    It was not only incident to his employment, but so obviously incident that he must be presumed

to have known and appreciated it, and must be held to have accepted as one of the risks of his employment the danger of injury to himself by being caught between cars swinging towards each other on the tracks at the entrance to the car-house. The tracks were perfectly familiar to him, and were wholly open to view. The cars used upon them were also perfectly well known to him. He had driven them upon the street, and had himself taken them back and forth from the street into the car-house and from the car-house into the street; he had also seen them standing on the curves and being taken in and out by other workmen. The space between the tracks had been constantly a matter open to his observation, as well as the length and the width of the cars, and their overhang, and the distance to which, in passing the curves, the cars upon either track projected or swung toward the other track. If in fact when two open cars were on the curves their running boards would meet for a space of from four to six feet, this was a matter which he had had frequent opportunity to see, and which if he had not seen was something which was so open to deduction from what was constantly in his sight that he cannot be permitted to found a right of action based upon his ignorance of what every man of ordinary faculties placed in the same circumstances and using his faculties in the usual way would have appreciated, aud which he therefore must be held to have appreciated.

The tracks were in the same position at the time of the plaintiff's injury as when he entered the defendant's employment. During all the time of his employment the tracks were used for the passage of cars between the car-house and the street, and cars were left standing upon them. The plaintiff's duties during the whole time were liable to require him at any moment to place himself at points where, unless he took care to avoid the danger, he would be struck by cars swinging out in passing the curves. The swing of a street car passing over a curve is something which is so obvious that no one employed about such cars can be permitted to claim ignorance of it. No doubt the long open cars with outside running boards had more swing than the cars in use when he entered the defendant's employment; but the open cars had been in use for a month when he was hurt, and he had made no complaint or protest, and no request for a

change of the conditions under which he did his work. It is not at all a case in which the court should hesitate to hold that he had assumed the risk because he hesitated to complain lest he should lose his place. His remaining at work after the use of open cars began was as purely voluntary and free from all elements of constraint as his original employment.

Under these circumstances, we are of opinion that the plaintiff must be held to have accepted the risk of injury by being caught between cars passing over the curves, and that the verdict in favor of the defendant was rightly ordered.

The corporation had the right to have its tracks as they were, and to conduct its business as it did, and would not be liable to an employee who knew the danger attending the use which it made of the tracks. *Ladd* v. *New Bedford Railroad*, 119 Mass. 412. If the employee knew, or ought to have known, of the danger, it was immaterial that it would have been safer to have placed the tracks farther apart. *Lovejoy* v. *Boston & Lowell Railroad*, 125 Mass. 79, 82. The plaintiff was possessed of ordinary intelligence and knowledge and powers of observation, and this was sufficient to enable him to comprehend the danger to which he was exposed, and he consented to work in the way and manner in which the business was being conducted, and he therefore has no proper ground of complaint. *Sullivan* v. *India Manuf. Co.* 113 Mass. 396, 399. *Yeaton* v. *Boston & Lowell Railroad*, 135 Mass. 418, and cases cited. *Williams* v. *Churchill*, 137 Mass. 243. *Anderson* v. *Clark*, 155 Mass. 368. There was no danger which, in view of the plaintiff's capacity and opportunities for observation, must not have been obvious to him; *Goodnow* v. *Walpole Emery Mills*, 146 Mass. 261, 267; and he is to be held to have assumed the risk if the character of the danger and the circumstances are such as to show that he ought to have known and appreciated it; *Williams* v. *Churchill*, 137 Mass. 243; *Scanlon* v. *Boston & Albany Railroad*, 147 Mass. 484, 487; that is, if the danger is so obvious that he will be presumed to know it. *Myers* v. *Hudson Iron Co.* 150 Mass. 125, 134. *Lothrop* v. *Fitchburg Railroad*, 150 Mass. 423. *Anderson* v. *Clark*, 155 Mass. 368. *Coombs* v. *Fitchburg Railroad*, 156 Mass. 200. One who contends that he should not be held to have accepted the risk because he did not appreciate the danger, must be charged with knowledge if his

ignorance is not consistent with due precaution. *Ferren* v. *Old Colony Railroad*, 143 Mass. 197, 199. In that case the question is one of law, rather than of fact. *Mahoney* v. *Dore*, 155 Mass. 513, 519. Nor does the fact that the risk was increased during the term of the plaintiff's employment by the use of longer and wider open cars, take from the defendant the defence that the plaintiff, having continued to work without protest or promise of change, had accepted the additional obvious risk. *Leary* v. *Boston & Albany Railroad*, 139 Mass. 580, 585. *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155, 161, and cases cited.

As upon the evidence, in our opinion, the danger was such an obvious risk of the plaintiff's work that he must be presumed to have known and appreciated it, the verdict against him was rightly ordered.          *Judgment for defendant on the verdict.*