GEORGE W. THAIN *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk.    March 15, 1894. — May 17, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Assumption of Risk.*

The plaintiff, a locomotive engineer, was injured while on duty by being carried against a wooden post standing four feet from the track and two feet from the tender beam where he was at the time. The post had been put up about a week before the accident as a temporary support to a bridge, and the plaintiff, who was an experienced engineer, had passed it daily, but did not know that it was there. *Held,* that the plaintiff took the risk of the injury, and that the defendant was not liable. *Held, also,* that a rule of the defendant forbidding the piling of obstructions within six feet of the track would, if proved, be immaterial.

HOLMES, J. The plaintiff, an engineer employed oy the defendant, was injured while on duty by being carried against a wooden post standing four feet from the track and two feet from the tender beam, where the plaintiff was at the time. The post had been put up as a temporary support to Hogg Bridge, Roxbury, about a week before, and the plaintiff testified that he did not know of it. The question is whether the judge was right in taking the case from the jury.

It is necessary for railroad companies to put up structures near enough to their tracks for it to be possible for persons on the trains to come in contact with them. Parallel tracks usually must be laid near enough to each other to create a similar danger between trains moving in opposite directions. A company is not bound to give warning of every such structure to every person employed upon its trains. There must be some point within the limit which it is possible for a man on a train to reach at which the railroad company has a right to build without notice, and to assume that those on the trains will keep out of the way. Every one knows that there is danger as soon as he gets outside of the line of the train when it is in motion. The plaintiff admitted it, and on that ground it is held that a passenger puts any part of his person beyond that line at his peril. *Todd* v. *Old Colony & Fall River Railroad,* 3 Allen, 18.

We assume that the rule is not so strict in the case of employees whose duties may require them not to confine themselves within the same line at all times. *Scanlon* v. *Boston & Albany Railroad*, 147 Mass. 484. *Nugent* v. *Boston, Concord, & Montreal Railroad*, 80 Maine, 62. *Johnson* v. *St. Paul, Minneapolis, & Manitoba Railway*, 43 Minn. 52. *Georgia Pacific Railway* v. *Davis*, 92 Ala. 300. *Chicago & Iowa Railroad* v. *Russell*, 91 Ill. 298. *Graham* v. *North Eastern Railway*, 18 C. B. (N. S.) 229. It may be that they ought not to be held to take the risk of things four feet off in all cases. But we are of opinion that the plaintiff took the risk of things at that distance. He was an experienced engineer and knew this road as it was. He had passed the post in question daily for a week. There were other structures as near or nearer to the track. The permanent iron posts under the bridge where he was hurt were within less than four feet of one of the tracks. Outward trains on the other side of the plaintiff's train came nearer to it than the post. Every material circumstance which existed in *Lovejoy* v. *Boston & Lowell Railroad*, 125 Mass. 79, existed here. The plaintiff knew and appreciated the general danger from permanent structures. *Scanlon* v. *Boston & Albany Railroad*, 147 Mass. 484, 488. The only thing of which he was ignorant was the presence of this particular post. The plaintiff Lovejoy testified to similar ignorance on his part. *Lovejoy* v. *Boston & Lowell Railroad*, 125 Mass. 79. There was nothing hidden about the danger which made it a trap, as it was held with some hesitation that the jury might find to be the case in *Ferren* v. *Old Colony Railroad*, 143 Mass. 197, 200, where the plaintiff was pushing a car between the track and a building which stood obliquely, and gradually approached it. We must follow the authority of *Lovejoy* v. *Boston & Lowell Railroad*. See also *Fisk* v. *Fitchburg Railroad*, 158 Mass. 238, 239; *Goldthwait* v. *Haverhill & Groveland Street Railway*, 160 Mass. 554; *Brown* v. *Chicago, Rock Island, & Pacific Railway*, 69 Iowa, 161, 163; *Randall* v. *Baltimore & Ohio Railroad*, 109 U. S. 478, 482, 483; *Tuttle* v. *Detroit, Grand Haven, & Milwaukee Railway*, 122 U. S. 189, 194, 195.

A rule of the defendant forbidding the piling of obstructions within six feet of the track, if proved, would not affect

our view of the case.    The other exception argued becomes immaterial.                                    *Judgment on the verdict.*

*R. M. Morse,* ( *C. E. Hellier* with him,) for the plaintiff.

*J. H. Benton, Jr.,* for the defendant.