FRANK P. CRANDALL *vs.* NEW YORK, NEW HAVEN & HART-
FORD RAILROAD COMPANY.

The conductor of a passenger train belonging to the defendant company having
run the train upon a side track, in obedience to orders, to enable a freight train
to pass on the main track, stood near the forward end of the first car for the
purpose of warning any passengers who might alight against crossing the
main track in front of the approaching freight train. When the freight train
had passed, the conductor, without looking forward to see if there was any
obstacle that might hit him in attempting to board the car, signaled the engi-
neer to start, and when in the act of stepping on to the steps of the car was
caught and jammed between the car and a telegraph pole belonging to the de-
fendant company, and was injured. The pole stood so near the track that it
would clear the side of the car by not more than twenty inches. The con-
ductor did not know of the location of the pole, had never before been on the
side track, and had never had his attention directed to the pole, his duties as a
passenger conductor being inside the car except when at a station. The con-
ductor sued the company for the injuries he had sustained.

*Held*, following *Whipple* v. *N. Y., N. H. & H. R. R. Co.*, *ante*, p. 176, that the
erection and maintenance of the pole so near the track as to expose its em-
ployees to the risk of injury while performing their duties, was negligence on
the part of the company.

*Held*, further, that the risk of injury from the pole was not one which the plain-
tiff assumed, because the risk was not one incident to the employment, and
because the plaintiff had no knowledge of the location of the pole, and from
the nature of his duties had no such opportunity to observe its location that he
could be presumed to have had such knowledge.

*Held*, further, that the jury having found that the plaintiff was not guilty of
contributory negligence on evidence upon which minds might differ, the court
should not disturb their finding.

*Held*, further, that testimony as to other dangerous structures along the line on
which the plaintiff was accustomed to run his trains was rightly excluded at
the trial.

DEFENDANT'S petition for a new trial.

*July* 24, 1896. MATTESON, C. J. This is an action of the
case for negligence. The accident by which the plaintiff was
injured occurred December 8, 1893. The plaintiff had been
a conductor of passenger trains in the service of the defend-
ant for a number of years. For several years prior to the
accident it had been a part of his duty to run during alter-
nate weeks a passenger train, one trip daily, over the Paw-
tuxet Valley branch of the defendant's road, from Auburn
to Hope and from Hope to Auburn. On the date named, he
left Providence on his train at 2.30 P. M. and, on arriving

at Pontiac, was ordered by the telegraph operator at that
station to place his train on the side track, a little beyond
the station towards Hope, in order to allow a freight train
coming from Hope, which was too long to be run on to the
side track, to pass on the main track.   In compliance with
this order the plaintiff run his train on to the side track and,
in the performance of his duty, as he alleges, took his posi-
tion near the forward end of the first car, between the side
track and the main track, so that, if any of the passengers
on his train should get off, he might warn them against pass-
ing over the main track in front of the approaching freight
train.   When the freight train had passed, he, without look-
ing forward toward the engine of his train, signaled the engi-
neer to start the train, and, when in the act of stepping up
on to the steps of the car, near which he was standing when
he gave the signal to the engineer, was caught and squeezed
between a telegraph pole standing near the side track and the
forward end of the car, receiving the injuries for which he
sues.   After the accident the telegraph pole was removed to
another location, so that its exact position relatively to the
side track at the time of the accident cannot be determined.
The testimony, however, tends to show that it was so near to
the track that it would clear the side of the car by not more
than twenty inches.   At the trial in the Common Pleas Di-
vision the jury returned a verdict for the plaintiff ; and the
defendant now petitions for a new trial on the ground that
the verdict was against the evidence, and that the court
erred in refusing to admit certain testimony, and in its in-
structions to the jury.

We do not think that the verdict was against the evidence.
The erection and maintenance of the telegraph pole so near
to the side track as to expose its employees to the risk of
injury while performing their duties was negligence on the
part of the defendant.   *Whipple* v. *New York, New Haven
& Hartford R. R. Co,. ante*, p. 176, and cases cited.   The
question whether the plaintiff was guilty of contributory
negligence in not looking forward to see if there was any
obstacle that might hit him in attempting to get on to the

train before giving the signal to the engineer to start the train, or .in not getting upon the train before giving the signal, was for the determination of the jury. In view of the facts appearing in evidence that the plaintiff's duty as a passenger conductor were to a great extent inside the train and therefore he did not have the opportunity to familiarize himself with structures along the track ; that he did not know the location of this pole ; that he had never before been upon the side track ; that his attention was directed to the passing of the freight train and to seeing that none of his passengers, if they should alight from the train, attempted to cross the track in front of the freight train ; that the road was a single-track road, and the time for him to run to Hope and back again to Auburn to make his train connection at that station was short; we think that the question whether he was in the exercise of due care was one upon which reasonable minds might differ, and that therefore, the jury having found that he was not negligent, we ought not to disturb their finding.

We do not think that the plaintiff is to be held to have assumed the risk of injury from the pole. The risk was not one incident to the employment, because the defect—the location of the pole dangerously near to the side track—was a breach of the defendant's duty so to locate the pole that it should not be dangerous to its employees. The risk of injury from such a defect is not assumed by the employee unless he has knowledge or competent means of knowledge of it, and continues in the employment. *Whipple* v. *New York, New Haven & Hartford R. R. Co.*, *ante*, p. 176 ; *Scanlon* v. *Boston & Albany R. R. Co.*, 147 Mass. 484 ; *Lovejoy* v. *Boston & Lowell R. R. Co.*, 125 Mass. 79 ; *Baker* v. *Maryland Coal Co.*, 35 Atl. Rep. 10. As already stated, the plaintiff had never been on the side track, did not know of the location of the pole, and had never had his attention directed to it. As a passenger conductor his duties were inside the train, except when at a station, and he did not therefore have the opportunity to observe the location of structures along the track which a freight brakeman, whose

duties are on the outside of the train, or an engineer, whose attention is directed to objects outside of the train, would have.    The only means of knowledge which he could have possessed was from observing it casually, if not busy with his duties, when passing it upon his train along the main track.    The familiarity which he could acquire with it in this way was not such that it can be presumed that he had knowledge of its dangerous proximity to the track.

We do not think that the Common Pleas Division erred in excluding the testimony of Edward P. Dawley, a civil engineer in the employment of the defendant, as to other dangerous obstructions on the line of the railroad over which the plaintiff was accustomed to run his trains.    It was not proposed to show in connection with it that the plaintiff had knowledge that these obstructions were dangerous, and for the reasons already stated we do not think that they were risks assumed by him as incident to the service.

We think the instructions to the jury were sufficiently favorable to the defendant.

New trial denied, and case remitted to the Common Pleas Divison with direction to enter judgment on the verdict.

*David S. Baker & William C. Baker*, for plaintiff.

*Frank S. Arnold*, for defendant.

