CHARLES A. BELL *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.  March 24, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Assumption of Risk — Action — Inference from Photographs.*

If an employee of a railroad corporation, while getting down from the top of a car by a side ladder in the discharge of his duty, is injured by coming in contact with one of the iron pillars of a bridge over the track, the pillar being about four feet from the track, he cannot recover in an action against the corporation for his injuries if he was an experienced hand, and knew that the bridge was there, and that cars might have only side and no end ladders.

TORT, for personal injuries occasioned to the plaintiff, a brakeman on a freight train, on August 20, 1895, by coming in contact with one of the pillars of the drawbridge in South Boston, in the defendant's railroad yard, while descending the side ladder of a moving car at night.  The declaration was at common law.

Trial in the Superior Court, before *Bond,* J., who ruled that the case should be submitted to the jury, directed them, by consent of the parties, to return a verdict for $2,250, and reported the case for the determination of this court.  If the plaintiff was

entitled to recover, the verdict was to stand ; otherwise, it was to be set aside, and judgment was to be entered for the defendant. The facts appear in the opinion.

*J. H. Benton, Jr., & C. F. Choate, Jr.,* for the defendant.

*L. M. Child,* for the plaintiff.

HOLMES, J. This is an action at common law for personal injuries. The plaintiff was a brakeman employed by the defendant as a shifter at night. As he was getting down from the top of a car by a side ladder, there being no end ladder, in order to pull out a pin and disconnect his car from the engine, he came in contact with one of the iron pillars of a bridge over the track and was hurt. The pillar was about four feet from the track. The plaintiff knew of the bridge, and was an experienced hand. He also knew that cars might have only side and no end ladders. It is suggested on the strength of photographs exhibited that the pillar which probably did the harm was inside the line of the rest, and that there was a trap, as was held in *Ferren* v. *Old Colony Railroad*, 143 Mass. 197. It is enough to say that, in our opinion, the photographs do not warrant the inference. We do not perceive any sufficient distinction between this and the numerous cases which have been before us of late years, and in which it has been held that the plaintiff took the risk of such dangers and could not recover. *Vining* v. *New York & New England Railroad*, 167 Mass. 539. *Content* v. *New York, New Haven, & Hartford Railroad*, 165 Mass. 267. *Austin* v. *Boston & Maine Railroad*, 164 Mass. 282. *Goodes* v. *Boston & Albany Railroad*, 162 Mass. 287. *Thain* v. *Old Colony Railroad*, 161 Mass. 353. *Goldthwait* v. *Haverhill & Groveland Street Railway*, 160 Mass. 554. *Fisk* v. *Fitchburg Railroad*, 158 Mass. 238. *Lovejoy* v. *Boston & Lowell Railroad*, 125 Mass. 79.

*Judgment for the defendant.*