DANIEL DONAHUE *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   January 14, 15, 1901. — March 2, 1901.

Present : HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

A freight brakeman employed as a switchman, injured while attempting to get on a moving engine in the course of his duty, and falling by reason of a pile of stones lying near the track, from one and a half to three feet high and only ten feet from one of the switches which it was his duty to operate, may be found to be in the exercise of due care, although he had not noticed the pile of stones, which had been there for several months, or, if he had noticed it, forgot it at the moment.

It is the duty of a railroad company to exercise reasonable care to keep its tracks in a safe condition for its employees to work upon.

A railroad company that suffers a pile of stones varying in size from a man's hand to a man's body, the pile being from one and a half to three feet high, to remain for several months within from eighteen to twenty-four inches of one of its tracks, may be found to be negligent in failing to provide a safe place in which to work for a switchman in its employ, whose duties require him to get upon a moving engine, and who in doing so is injured by reason of such pile of stones.

The existence of an irregular pile of stones, suffered to remain near a track of a railroad company for several months, is not a risk of employment which a freight brakeman employed as switchman assumes.

If a pile of stones suffered to remain near a track of a railroad company was one of many similar piles substantially the same distance from the rails on that and other tracks, where a switchman's duties called him, *semble,* that such switchman might be held to assume the risk of injury from the pile of stones. Per MORTON, J.

Tort, with counts both at common law and under the employers' liability act, by a freight brakeman of the defendant working as a switchman, to recover for injuries caused by his losing his hold and falling by reason of a pile of stones lying near the track of the defendant, when the plaintiff was attempting to get upon a moving engine in the course of his duty. Writ dated July 15, 1898.

At the trial in the Superior Court, before *Blodgett*, J., there was evidence that the plaintiff was twenty-eight years of age; that he worked for the defendant company as freight brakeman during the years 1896, 1897 and 1898, about one year and a half of service in all; that at the time of the accident, January 14, 1898, he was a member of a certain switching gang and of such gang was the one most commonly called upon to throw the switches. He was in fact called the switchman.

It appeared, that in the Lowell yard of the defendant company there was a track which ran from the Lowell Bleachery; that in order to go from the Bleachery track to track number three where the engine was to go for the purpose of hauling out certain cars, it was necessary to throw two switches. These two switches were about eighty feet apart; that just before the engine reached the first of the two switches it stopped; that the plaintiff went ahead and threw the first of the two switches; that he then walked ahead to the second switch which he also threw, so that the engine could go down on track number three.

The plaintiff testified that after he threw the second of the two switches he walked back to meet the engine; that he walked probably ten or twelve feet from the switch towards the engine, and as the engine came along took hold of the grab iron of the tender, the engine then being on track two; that the engine was then backing down and not going head on; that he took hold of the grab iron of the tender, and just as he went to get on to the engine it suddenly started and he lost his footing; that he tried to follow along and grabbed hold of the handle of the cab, and tried to get upon the engine, but every time he got his footing he would lose it, and he got down to a pile of rocks that was ten feet from the switch, that is, north of the switch, and he fell over them and his arm went out under the wheel of the engine; that the engine, at the time that he first attempted to

put his hand upon the grab iron, was going at just about a smart walk, at such a rate of speed that any one could step upon it, probably about four miles an hour; that during the time that he was trying to get upon the engine, it was going double speed, that is, that it was going eight or ten miles an hour.  The defendant's counsel agreed that the plaintiff was expected to get upon the moving engine, and that it was a part of his duty to do so.

The plaintiff also testified that the pile of rocks caused him to fall, that he tripped over them, and that he lost his grip on the grab iron when he struck the pile of rocks.  All other material facts are stated in the opinion of the court.

The defendant asked for certain rulings which were refused by the judge.  The jury returned a verdict for the plaintiff in the sum of $6,500; and the defendant alleged exceptions, which, *Blodgett*, J., having resigned, were allowed by *Aiken*, J.  The questions raised by the exceptions are stated in the opinion of the court.

*W. I. Badger*, (*S. Robinson* with him,) for the defendant.

*S. A. Fuller*, (*C. H. Blood* with him,) for the plaintiff.

MORTON, J.  This is an action to recover for personal injuries sustained by the plaintiff while in the defendant's employ in attempting in the course of his duty to get on a moving engine.  The accident was caused, or might have been found to be caused, by a pile of rocks which, it was alleged, was in dangerous proximity to the track and which caused the plaintiff to lose his hold and to fall and receive the injuries complained of.  The declaration contained three counts.  At the close of all of the evidence the third count was withdrawn by the plaintiff at the suggestion of the court.  The first count was at common law for not providing the plaintiff a safe place in which to do his work.  The second count was under the employers' liability act for negligence on the part of a person in the service of the defendant and in charge of a locomotive engine, in suddenly increasing the speed of the engine while the plaintiff was attempting to get on it.  The jury found, in answer to a question put by the court, that the plaintiff was not injured in that manner.  The defendant requested various rulings, but the case resolves itself into three questions, and in effect has been so argued by the

defendant : — 1st. Was the plaintiff in the exercise of due care? 2d. Was the defendant negligent in providing the plaintiff with a safe place to work in? 3d. Did the plaintiff assume the risk?

1. The defendant contends that the plaintiff was not in the exercise of due care in attempting to board the engine when he did. It admits that in the course of his duty he was required to get on the engine while in motion, but it says that he should have got on upon the opposite side or on the front or rear of it. The plaintiff testified that the place where he attempted to get on was the place where he had been in the habit of getting on, and that he got on there because he thought it was the safest place. He gave his reasons for not getting on or trying to get on at the other places. The jury took a view. It was for them to say, we think, whether the plaintiff was or was not in the exercise of due care in attempting to get on where he did. There were conflicting considerations and testimony and it was for them to say what weight they were entitled to. It could not be ruled as matter of law that he was not in the exercise of due care. The fact that he had not noticed the pile of stones, or that if he had noticed it he forgot it at the moment, was not conclusive on the question of due care. *Snow* v. *Housatonic Railroad,* 8 Allen, 441.

2. Was the defendant negligent in not providing him with a safe place in which to work? There was testimony tending to show that there was a pile of stones from eighteen to twenty-four inches from the track a short distance from one of the switches which it was the defendant's duty in the course of his business to throw ; that the stones varied in size from a man's fist to a man's body, and that the pile was from one and a half to three feet high, and had been there several months and was rough and uneven and looked as if the stones had been thrown there some time when the track was being fixed. It was the duty of the defendant to exercise reasonable care to keep its tracks in a safe condition for its employees to work upon, and we think that there was evidence for the jury of negligence in that regard on its part. *Babcock* v. *Old Colony Railroad,* 150 Mass. 467. One of the defendant's witnesses testified that " they [the stones] were in a dangerous place; . . . they were

in a man's way; it was a bad place for stones to be, too near the rail."

3. The remaining question is whether the plaintiff assumed the risk. The plaintiff testified that he had not noticed the stones. The court, amongst other things, instructed the jury that if the plaintiff knew or in the exercise of reasonable care should have known that the stones were at or near the switch and was injured by them he could not recover. This was more favorable to the defendant than it was entitled to. The jury must have found that the plaintiff did not know, or in the exercise of reasonable care was not bound to know that the stones were there. It may be that the weight of the evidence showed that he knew or ought to have known that the stones were there. But under these and other instructions in which the attention of the jury was directed to the matter they settled the question the other way. The defendant contends however that, even if the plaintiff did not know that the stones were there, the risk was an obvious one which he must be held to have assumed. *Lovejoy* v. *Boston & Lowell Railroad*, 125 Mass. 79. *Goldthwait* v. *Haverhill & Groveland Street Railway*, 160 Mass. 554. *Thain* v. *Old Colony Railroad*, 161 Mass. 353. If the pile of stones had been one of many similar piles substantially the same distance from the rails on this and other tracks where the plaintiff's duties had taken him, it may be that he would be held to have assumed the risk. *Lovejoy* v. *Boston & Lowell Railroad* and *Thain* v. *Old Colony Railroad*, *ubi supra*. But no other pile of stones, and no structure as near the track as this pile of stones was, is shown to have existed in those portions of the defendant's premises where the plaintiff's duties required him to go. It is not absolutely incredible that a person, employed as the plaintiff was, should not have observed the stones and still should have been in the exercise of due care. We do not think that such conduct would be necessarily inconsistent with the ordinary habits of observation of such persons. It would be going far to say that a pile of stones like this constituted a part of the ways, works and machinery of the defendant. They were thrown out, as there was evidence tending to show, while the road was being repaired, and apparently were suffered to remain there as a matter of inattention and neglect with the possibility that they

might be removed at any time. They certainly could not be said to constitute a part of the permanent ways, works and machinery. *McGiffin* v. *Palmer's Shipbuilding & Iron Co.* 10 Q. B. D. 5. It seems to us that the case is governed by *Babcock* v. *Old Colony Railroad*, *ubi supra.*

*Exceptions overruled.*