CORNELIUS E. FEARNS *vs.* NEW YORK CENTRAL AND
HUDSON RIVER RAILROAD COMPANY.

Worcester.   October 4, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* Employer's Liability.   *Railroad.*

A freight brakeman running forward at night to make a coupling does not assume
the risk of striking against the end of one of a pair of gates at a railroad crossing,
if the accident is due to the gates being constructed improperly or out of repair
so that the ends do not meet when the gates are lowered, and this is shown to be
an unusual and unexpected condition.

Whether a freight brakeman, running forward at night to make a coupling and
striking against the end of one of a pair of gates at a railroad crossing improperly
projecting out of line, is in the exercise of due care, is a question for the jury.

TORT by a freight brakeman, against his employer, for per-
sonal injuries received on the evening of October 13, 1901, in
Cambridge at the Cambridge Street crossing of the Grand
Junction branch of the Boston and Albany division of the rail-
road operated by the defendant.   Writ dated September 19,
1903.

At the trial in the Superior Court *Gaskill,* J. refused to rule
that the plaintiff could not recover, and submitted the case to the
jury.   The jury returned a verdict for the plaintiff in the sum
of $5,500, and by agreement of the parties the judge reported
the case for determination by this court.   If upon all the com-
petent evidence the plaintiff was entitled to go to the jury,
judgment was to be entered on the verdict; otherwise, judgment
was to be entered for the defendant.

*R. A. Stewart,* for the defendant.

*A. S. Hayes,* for the plaintiff.

KNOWLTON, C. J.   The plaintiff, when he entered the service
of the defendant as a brakeman, impliedly assumed all the ordi-
nary risks of the business, which included the risk of injury
from permanent structures erected for proper purposes at rea-
sonable distances from the tracks, whether then in existence or
erected afterwards.   In reference to the existence of such struc-
tures his employer owed him no duty other than to see that

they did not expose him to unnecessary danger by reason of their being left in an unsafe or improper condition. If the gates had been properly constructed and in good repair, their existence near the track, at the distance shown by the testimony, would have been no evidence of negligence on the part of the defendant. *Thain* v. *Old Colony Railroad*, 161 Mass. 353. But they were improperly constructed, or out of repair, so that the ends of the two gates erected upon opposite sides of the street were not opposite to each other in the same line, as they should have been, when they were lowered, but one turned to one side and the other to the other, so as to leave an opening between them through which a man could pass. The plaintiff, while running by the side of the engine in the evening, to get a car ready for coupling, passed along by the side of one of the gates and collided with the end of the other which projected out into his line of travel, and he was thereby thrown under the engine and injured.

There was evidence that this was an improper and defective condition of the gates, and that repairs had been made previously, in an attempt to improve them. The plaintiff's implied contract when he entered the defendant's service did not cover the risk from this defective condition of the gates, if it then existed; for the condition was not so open and obvious that a brakeman, on entering the service, would be supposed to know of it, or to discover it if he undertook to ascertain the conditions under which he was to work. The evidence tends to show that it was an unusual and unexpected condition which it was the duty of the defendant to improve. In this particular the case is not like *Lovejoy* v. *Boston & Lowell Railroad*, 125 Mass. 79, *Thain* v. *Old Colony Railroad*, 161 Mass. 353, *Bell* v. *New York, New Haven, & Hartford Railroad*, 168 Mass. 443, and *Ryan* v. *New York, New Haven, & Hartford Railroad*, 169 Mass. 267. We are therefore of opinion that there was evidence of negligence on the part of the defendant, and that it could not be ruled as a matter of law that the plaintiff assumed the risk of the gates as they were at the time of the accident.

We are also of opinion that the question whether the plaintiff was in the exercise of due care was properly left to the jury. He was in the performance of his duty, and if the end of the

gate which obstructed him had been in a line with the opposite gate he would not have been hurt.   So far as appears, he did not know that the end of this gate projected out from the line of the other into the line of travel.   *Thyng* v. *Fitchbury Railroad*, 156 Mass. 13.   *Garant* v. *Cashman*, 183 Mass. 13.

*Judgment on the verdict.*