Oliver McLeod, administrator, *vs.* New York, New Haven, and Hartford Railroad Company.

Norfolk.   March 15, 1906. — April 3, 1906.

Present: Knowlton, C. J., Morton, Loring, Braley, & Sheldon, JJ.

*Negligence,* Employer's liability.   *Railroad.*

One who enters the employment of a railroad company as a freight brakeman assumes the risk of injury from coming in contact with permanent structures near the track, even if they are unusually near it. *Scanlon* v. *Boston & Albany Railroad,* 147 Mass. 484, overruled.

If one entering the employment of a railroad company as a freight brakeman signs an application in writing stating "If this application is granted, and I am employed as a freight brakeman, I shall enter upon such employment with a full understanding of the risks attending the same, all of which I will deliberately assume, and I will, as soon as possible, make a careful examination of the railroad tracks and yards where my duty calls me, and note their condition and position, and the position of all . . . objects that are near the track," *whether* the effect of this agreement is to postpone the assumption of the risk of injury from coming in contact with a building unusually near the track until the brakeman has had a reasonable opportunity for inspection, *quaere.*

Tort by the administrator of the estate of a freight brakeman against the railroad company employing him, for causing

the death of the plaintiff's intestate in the manner stated in the opinion and for his conscious suffering.

In the Superior Court *Hardy*, J. ruled that on the evidence the plaintiff was not entitled to recover and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. J. Feely*, for the plaintiff.

*C. F. Choate, Jr.*, for the defendant.

Loring, J. This is an action by an administrator to recover for conscious suffering and the death of his intestate.

The plaintiff's intestate was employed by the defendant as a freight brakeman on the Monday preceding the Monday on which he was killed. When employed he had had no experience on railroads. When he was killed he was standing on the step of an open flat car, facing it. The car was loaded with ashes and was being pushed down to an ash dump in the Norwood yard of the defendant. The plaintiff's intestate was killed by being knocked off by the corner of a building which was two feet and seven or eight inches from the nearest rail of the track in question, and "the edges of the corners of the building . . . were worn off by the cars hitting it at a distance of four or five feet from the ground." The building in question was a permanent building which had been in the same position with relation to the track for many years.

The plaintiff's intestate made a written application for the position of brakeman, which ended in these words: "If this application is granted, and I am employed as a freight brakeman, I shall enter upon such employment with a full understanding of the risks attending the same, all of which I will deliberately assume, and I will, as soon as possible, make a careful examination of the railroad tracks and yards where my duty calls me, and note their condition and position, and the position of all signal wires and poles, telegraph poles, switches, bridges and other objects that are near the track."

The evidence showed that the plaintiff's intestate had been by the building in question six times on the day in question, and it was on the seventh time that he was killed; and further, that on the preceding Monday (the first day of his employment) he had been working in the same yard and had been on the ash car when it was taken past the building in question to the dump.

There was evidence from one of the plaintiff's witnesses that the intestate had been warned of the danger of this particular building, but the plaintiff put in a contradictory statement made by that witness. The case therefore is not a case where on the undisputed facts the intestate assumed the risk because he knew of it.

But in our opinion the risk was one which the plaintiff's intestate assumed by entering on the employment in question. There are a number of cases in this Commonwealth where it has been held that a railroad employee takes the risk of permanent structures near the track, at least when they are not unusually near, leaving open the question whether the risk is assumed if the structure is unusually near. In some of the opinions the statement might be thought to go further, but with the exception of *Scanlon* v. *Boston & Albany Railroad,* 147 Mass. 484, we do not think that it does. *Thain* v. *Old Colony Railroad,* 161 Mass. 353. *Vining* v. *New York & New England Railroad,* 167 Mass. 539. *Ryan* v. *New York, New Haven, & Hartford Railroad,* 169 Mass. 267. *Quinn* v. *New York, New Haven, & Hartford Railroad,* 175 Mass. 150. *Donahue* v. *Boston & Maine Railroad,* 178 Mass. 251, 255. *Fearns* v. *New York Central & Hudson River Railroad,* 186 Mass. 529.

The question so left open is now before us for decision, and we are of opinion that the qualification is not material, and that the employee assumes the risk even if the structure in question is unusually near to the track.

When the defendant invited the plaintiff's intestate to work for it, the invitation given was an invitation to work on its railroad as constructed. In inviting him to work for it the defendant did not come under an obligation to rebuild its tracks and buildings and make them more safe; but the plaintiff's intestate undertook to work on the defendant's railroad as then constructed, and so took the risk of all obvious dangers, including the danger of the proximity of a building to the defendant's tracks, although it was unusually near to them.

As is pointed out by the defendant's counsel, no similar limitation has been laid down in the employment of a workman in other occupations. *Lothrop* v. *Fitchburg Railroad,* 150 Mass. 423. *Boyle* v. *New York & New England Railroad,* 151 Mass.

102.   *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155, 157.   *Downey* v. *Sawyer*, 157 Mass. 418.   *Richstain* v. *Washington Mills*, 157 Mass. 538.   *Toomey* v. *Donovan*, 158 Mass. 232. *Murphy* v. *American Rubber Co.* 159 Mass. 266.   *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153.   *Cassady* v. *Boston & Albany Railroad*, 164 Mass. 168.   *Barnard* v. *Schrafft*, 168 Mass. 211.   *Murch* v. *Thomas Wilson's Sons*, 168 Mass. 408. *O'Connor* v. *Whittall*, 169 Mass. 563.   *Donahue* v. *Washburn & Moen Manuf. Co.* 169 Mass. 574.   *Tenanty* v. *Boston Manuf. Co.* 170 Mass. 323.

For these reasons the case of *Scanlon* v. *Boston & Albany Railroad*, 147 Mass. 484, cannot in our opinion be upheld.

If by the terms of the written agreement this common law exemption for liability is limited so as to allow the plaintiff an opportunity to make an inspection (which we do not decide) the result is the same.   The plaintiff had had an ample opportunity on the preceding Monday and on the day in question, on which he had passed the building in question six times; and the plaintiff admitted that his intestate had been warned about dangerous places in the yard but not about this place in particular.

*Exceptions overruled.*