### JAMES BRADLEY *vs.* CENTRAL VERMONT RAILWAY COMPANY.

Hampden.    October 1, 1907. — October 15, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.    *Railroad.*

In an action against a railroad company by a freight brakeman for injuries incurred in the defendant's service from being struck by an electric light pole belonging to another company standing in the defendant's freight yard near the track, it is evidence of negligence on the part of the defendant that two or three months before the accident a guy wire, which previously had held the pole upright, had been taken down, causing the pole to lean somewhat toward the track, so that it struck the plaintiff when in the course of his duty he necessarily was walking near the edge of the roof of a moving freight car to pass to the rear of the car.

In an action against a railroad company by a freight brakeman for injuries incurred in the defendant's service from being struck by an electric light pole standing in the defendant's freight yard near the track, if it appears that two or three months before the accident a guy wire had been removed from the top of the pole and the want of this support had caused it to lean somewhat toward

the track so as to be dangerous but that the plaintiff had no reason to know of this, having been in the service of the defendant three years and a half during which the pole had stood in its place near the side of the track, that the plaintiff was the rear end brakeman on the train whose duty it was to watch for signals and to give signals in passing through the yard, that in order to do this it was necessary for him to pass to the rear of the car and in doing so to walk near the edge of the roof of the car holding on by a railing or grab iron to get by a cupola which projected above the roof, and that while he was moving toward the rear in this manner he was knocked off the car by the pole, there is evidence for the jury that the plaintiff was in the exercise of due care.

A freight brakeman whose duty requires him to be on the roof of the rear car of a freight train does not assume the risk of being struck by an electric light pole standing in a freight yard of his employer near the track which has been allowed to lean toward the track owing to the unnecessary and negligent removal of a guy wire which supported it.

KNOWLTON, C. J.   The plaintiff was a brakeman on one of the defendant's freight trains, and, while riding on a car in the performance of his duty, he was struck by a pole carrying electric wires, owned by an electric light and power company and standing in the defendant's freight yard in St. Albans, Vermont. The case comes before us on a report,* which presents only the question whether there was evidence which warranted a submission of the case to the jury.

The plaintiff had been in the service of the defendant more than three years and a half before the accident, during all of which time the pole had stood in its place near the side of the track, and he had been accustomed to pass it regularly on the train.   If there had been no change in its position, its existence would have continued to be one of the risks of the business which he assumed when he made his contract for service, and which, under the law of Massachusetts, would have given him no right to recover for an injury received from it.   *McLeod* v. *New York, New Haven, & Hartford Railroad*, 191 Mass. 389. *Lovejoy* v. *Boston & Lowell Corp.* 125 Mass. 79.   *Coombs* v. *Fitchburg Railroad*, 156 Mass. 200.   *Thain* v. *Old Colony Railroad*, 161 Mass. 353.   *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153.   Whether it would have given him such a right under the law of Vermont, which was put in evidence, it is unnecessary to determine.

---

* The case was reported by *Fox*, J., who refused to order a verdict for the defendant, and submitted the case to the jury.

But there was evidence tending to show that, two or three months before the accident, a guy wire had been taken down, which previously had held the pole upright, and that the wires on the pole ran in such directions as to tend to make the top lean towards the track, and that at the time of the accident, for want of the guy wire, the top of the pole leaned a foot or two towards the track, so that the plaintiff, while passing from front to rear on the roof of the caboose,* around the cupola, walking near the edge of the roof at the side of the cupola, was struck and injured. The jury well might find that it was negligence on the part of the defendant to allow this pole to be left without the guy wire, with a load of wires upon it which would tend to draw it over towards the track. They might find that this negligence caused the accident. Under the law of Massachusetts, and under the law of Vermont as shown by the cases put in evidence, the defendant might be held liable for this negligence.

There was evidence from which the jury might find that the plaintiff was in the exercise of due care. He was the rear end brakeman on the train, whose duty it was, among other things, to watch for signals and to give signals while passing through the yard. There was testimony tending to show that it was proper for him to pass by the cupola which was on the top of the caboose, and to be near the edge of the roof, holding to the railing, in going by it. For years he had passed along this track on the train. He had no reason to think that a guy wire

---

* The caboose and the cupola were described by the plaintiff as follows : " There is a caboose at the rear of these freight trains; on the day when I was hurt there was a caboose on this train; there is a kind of a box-like structure with windows that we have to stand in to watch our trains that sticks above the roof of the caboose; it is called the cupola; it lacks about four inches on each side, or a little more, of being as wide as the caboose; on the top of the roof of the caboose, there is a railing to take hold of in moving back and forth, and grab irons to hang on to; as I stand here, as near as I can judge, the railing would be about as high as this desk; as I took hold of it with my hand I had to stoop over slightly, it is sometimes called grab iron. . . . . I had been on the front of the caboose; I changed my place; I tried to walk from the front of the cupola to the rear, walking along the side; I was moving along as I have just described here, taking hold of the grab irons, and walking around the narrow space at the side of the cupola; I was facing the rear of the train; as I was moving along I was struck off by this pole.''

had been removed from the top of the pole, or that the pole had leaned over so as to be in dangerous proximity to the track. In performing his duties as brakeman he would not be expected speedily to discover a small change of that kind and to appreciate the danger from it. He did not assume the risk of a danger unnecessarily and negligently produced by the removal of the support of the pole. The case was rightly submitted to the jury.

*Judgment on the verdict.*

The case was submitted on briefs.

*A. L. Green & F. F. Bennett,* for the plaintiff.

*W. M. Brooks, W. Hamilton & C. W. Witters,* for the defendant.