MARTHA M. KEMPTON, administratrix, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    January 15, 16, 1914. — February 27, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Negligence,* Employer's liability.

When a car barn maintained by a street railway company was built, a post was placed in such a position that there was a space of but nine inches between it and passing box cars. Some years after the barn was built a different type of car, called semi-convertible, was used, which in passing the post left a space of but four inches. An employee who had been employed from time to time in the barn ever since it was built and continuously for a year after the semi-convertible cars were put into use, while in the exercise of due care was crushed between one of those cars and the post. *Held,* that the company was under no obligation to the employee to change the mode of the construction of the barn or to abandon the use therein of the semi-convertible cars, or under the circumstances to warn him of the obvious danger caused by the lack of space between the car and the post, of which he must have had complete knowledge.

TORT for the conscious suffering and death of William B. Kempton, late of Arlington, alleged to have been caused, while he was in the employ of the defendant, by his being crushed between a "semi-convertible" street railway car and a post in the Arlington Heights car barn of the defendant. Writ dated February 19, 1909.

In the Superior Court the case was tried before *Stevens,* J. It appeared that the plaintiff's intestate before the accident had worked for the defendant eleven years, that he was employed by it at the time when the Arlington Heights car barn was built and that he had worked there off and on from that time up to the time of the accident, having been so employed continuously for about a year before it.

The barn had been built for use in connection with cars which

passed the post where the plaintiff was crushed about nine inches from it. The semi-convertible cars were larger, and, in passing the post, were four inches from it.

The plaintiff's intestate had run across the barn and around the post, had taken hold of an upright support in the door of the car and was raising one foot to the step of the car, when the car started, and he was dragged between the post and the car and was crushed.

At the close of the evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*A. T. Smith,* for the plaintiff.

*P. F. Drew,* (*W. U. Friend* with him,) for the defendant.

SHELDON, J. We assume in this case that the plaintiff's intestate had made no contractual assumption of the risk of such an accident as happened to him, for the reason that the permanent structures involved in the case were not erected until some years after he had entered upon his employment. We assume also that upon the evidence it might have been found that he was in the exercise of due care, and that the defendant had not proved that he actually had assumed the risk arising from the position in the car barn of the post with reference to the track and from the introduction of wider cars than previously had been used. *Leary* v. *William G. Webber Co.* 210 Mass. 68. *Oswald* v. *Donohue,* 215 Mass. 574. The only remaining question is as to the defendant's actionable negligence.

It was by reason of the permanent construction of the defendant's car barn that the injury occurred. The post in question was so near to the track that any one who attempted to get on or off the platform of a car at that place was in danger, especially if the car moved, of just such an accident as happened. Under such circumstances, if the situation was not plain and open, and so far as the danger arising therefrom was not obvious, or was not fully known to its employees, it was the duty of the defendant to warn them, and to instruct them not to enter or leave the platform by the side of the post when the car was in motion or might at once be put in motion. For a breach of this duty an action could be maintained against the defendant in behalf of any one injured by reason thereof, if the other requisites to the maintenance of an action were found to exist. *Jarvis* v. *Coes Wrench Co.* 177 Mass.

170, 172. *Lavartue* v. *Ely Lumber Co.* 213 Mass. 65, 66. But if the defendant discharged this duty, or if the mode of construction and the risk arising therefrom were fully known to its employees, or if they had in fact assumed that risk, the defendant owed them no duty to change the mode of construction or to abandon the use of the wider cars. *Goldthwait* v. *Haverhill & Groveland Street Railway,* 160 Mass. 554. *Thain* v. *Old Colony Railroad,* 161 Mass. 353. *Austin* v. *Boston & Maine Railroad,* 164 Mass. 282. *Vining* v. *New York & New England Railroad,* 167 Mass. 539. *Bell* v. *New York, New Haven, & Hartford Railroad,* 168 Mass. 443. *Ryan* v. *New York, New Haven, & Hartford Railroad,* 169 Mass. 267. *Quinn* v. *New York, New Haven, & Hartford Railroad,* 175 Mass. 150. *Hall* v. *Wakefield & Stoneham Street Railway,* 178 Mass. 98. *Ladd* v. *Brockton Street Railway,* 180 Mass. 454. *McLeod* v. *New York, New Haven, & Hartford Railroad,* 191 Mass. 389. Most of these cases were decided on the ground of assumption of risk, but they fully support the proposition that has been stated.

But in this case there was no occasion for the defendant to warn the plaintiff's intestate. The position of the post was perfectly plain and had remained unchanged for years. Its proximity to the railway track and to cars standing or moving thereon was obvious. It was manifest that there was not room for a man to move freely between the post and a car platform. The danger of attempting to leave or to enter a car platform opposite to the post and on that side of the car was perfectly plain. The character of the risk was in no wise altered though the available space was somewhat narrowed, by the introduction of the wider semiconvertible cars. *Goldthwait* v. *Haverhill & Groveland Street Railway,* 160 Mass. 554. *Content* v. *New York, New Haven, & Hartford Railroad,* 165 Mass. 267, 270. The intestate had been running cars in and out of the barn for many years, and was perfectly familiar with the location of the posts and the tracks. The defendant could have told him nothing, by way of either warning or instruction, that was not already known to him. But the duty of an employer to give warning or instructions "exists only when there are dangers in the employment of which" the employer "has or ought to have knowledge, and which he has reason to believe his employee does not know, and will not discover in time

to protect himself from injury." *Stuart* v. *West End Street Railway*, 163 Mass. 391, 393, and cases cited. *Duffy* v. *New York, New Haven, & Hartford Railroad*, 192 Mass. 28.

As has been stated, the defendant owed to the intestate no duty to change its construction, the location of its post, or the width of its cars. See, besides the cases already cited, *Murch* v. *Thomas Wilson's Sons & Co.* 168 Mass. 408, 410, and *Wood* v. *Tileston & Hollingsworth Paper Co.* 182 Mass. 449, 450. There was here no danger arising from lack of repair, as in *Fearns* v. *New York Central & Hudson River Railroad*, 186 Mass. 529, and *Bradley* v. *Central Vermont Railway*, 196 Mass. 360. The only duty that could rest upon the defendant was to give proper warning of the danger; and under the circumstances disclosed there was no occasion for that.

*Exceptions overruled.*